Arthur L. LEDUC, Individually and on behalf of all others similarly situated, Plaintiff,

v.

Patricia HARRIS, Secretary of Health, Education and Welfare, and Blue Shield of Massachusetts, Inc., Defendants.

Civ. A. No. 77–3386–S.

United States District Court,
D. Massachusetts.

Jan. 9, 1980.

Mary Ellen McCarthy, Western Legal Services, Inc., Holyoke, Mass., for plaintiff.

Richard D. Glovsky, Asst. U.S. Atty., Boston, Mass., for defendants.

## ORDER ON PENDING MOTIONS

SKINNER, District Judge.

The plaintiff seeks a declaration that the denial of his claim as a participant in Medicare Part B for an electric hospital bed violated his constitutional right to due process. Part B of the Medicare Plan as established in the Social Security Act, 42 U.S.C. § 1395j *et seq.* is voluntary, contributory medical care insurance, funded in part by the federal government and administered by the Secretary of the Department of Health and Human Services (formerly Health, Education and Welfare (hereinafter "the Secretary")). It is administered through contracts with private health care organizations, in this case the defendant Blue Shield of Massachusetts, Inc. The applicable statute, 42 U.S.C. § 1395u(b)(3)(C), provides that the private carrier will grant a person enrolled in the plan "a fair hearing" when requests for payment for medical services are denied. The hearing officer overruled the original decision of the carrier to deny the plaintiff's request altogether, and allowed payment for a manually operated hospital bed, but not for an electrically operated one.

The plaintiff in his brief disclaims that any one aspect of the hearing provision deprives him of a constitutional right but asserts that the combination of circumstances surrounding his hearing deprive him of a valuable property right without due process of law. These circumstances are (1) that the hearing officer was a private individual hired by the carrier, (2) that the hearing officer was obliged to follow a policy manual issued by the Secretary, and (3) that the policy manual was promulgated without public hearings in violation of 5 U.S.C. § 553. The plaintiff contends that the issuance of the policy manual was actually rule making, in that it imposed conditions on the receipt of benefits which were in addition to and more restrictive than those contained in the statute. The Secretary asserts that the manual is merely interpretive, and thus no public hearings were required.

The intervenor, Margaret Hagan, makes the same claim with respect to the denial of her request for reimbursement for an electric wheelchair. While she made her initial request in Michigan, she moved to Massachusetts while the matter was in process. The hearing of which she complains occurred in Massachusetts, and her request was denied by Blue Shield of Massachusetts, Inc. after the hearing. The hearing officer in her case was in fact the same one who conducted the plaintiff's hearing. The intervenor's motion is ALLOWED under Fed.R.Civ.P. 24(b)(2).

In determining the defendants' motion to dismiss, I shall treat it as applying equally to the intervenor's complaint.

The first question to be resolved is that of jurisdiction. 42 U.S.C. § 1395ii makes 42 U.S.C. § 405(h) applicable to Medicare Part B. Section 405(h) prohibits any judicial review except as provided by § 405(g). Section 405(g) is not applicable to Medicare Part B, and it was the probable intent of Congress that the decision of the carrier's hearing officer should be final. S.Rep.No. 404, 89th Cong., 1st Sess., *reprinted in* [1965] U.S.Code Cong. & Admin. News pp. 1943, 1995.

The plaintiff and the intervenor (hereinafter "the plaintiffs") are not seeking a review of the merits of the decision, but are alleging deprivation of constitutional due process in the manner in which the

decision was made. There is strong authority for the proposition that the court retains jurisdiction to consider a constitutional issue even though a statute makes an administrative decision final on the merits. *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974); *Cervoni v. Secretary of Health, Ed. & Welfare*, 581 F.2d 1010 (1st Cir. 1978).

█ The second question is whether the plaintiffs assert a sufficient property interest to invoke the requirement of due process. An individual who meets the requirements of § 1395*o* may by enrollment acquire an entitlement to Part B benefits under § 1395k(a)(1) which continues under § 1395q(b) until voluntary termination or failure to pay premiums. In my opinion, enrolled individuals such as the plaintiffs have a sufficient property interest to be entitled to at least minimal due process. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976).[1]

█ The hearing officer for both plaintiffs was an attorney in private practice engaged apparently on an *ad hoc* basis to conduct hearings on denials of benefits. The plaintiffs do not allege that she had any prior involvement with their claims or indeed any fact which would undermine her impartiality other than that she was engaged and paid by the carrier. The appointment of the hearing officer by the carrier alone does not constitute a deprivation of due process. *Goldberg v. Kelly*, 397 U.S. 254, 271, 90 S.Ct. 1011, 1022, 25 L.Ed.2d 287 (1970); *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).[2]

The plaintiffs' argument that due process is violated by the circumscription of the hearing officer's discretion by a policy manual issued by the Secretary, without public hearing, is more serious. The plaintiff Hagan's case points up the problem. She applied for reimbursement for the purchase of an "Amigo" brand electric wheelchair. The hearing officer rejected her claim on the basis that she was bound by the Health Care Financing Administration's "policy" to refuse reimbursement for "Amigo" electric wheelchairs. The hearing officer also specifically found that the plaintiff Hagan required an electric wheelchair and that the "Amigo" is "more efficient, practical, and economical than the standard electrical power model wheelchair." She further held that under Sec. 12013.7 of the Medicare Guidelines she was bound by the "policy" of the Health Care Financing Administration.

Under Medicare Part B, benefits are provided for "durable medical equipment, including . . . wheelchairs . . .," 42 U.S.C. § 1395x(s)(6), which is defined in the Medicare Carrier's Manual, Sec. 2100.1, as follows:

Durable medical equipment is equipment which:

A. Can withstand use.

B. Is primarily and customarily used to serve a medical purpose, and

C. Generally is not useful to a person in the absence of an illness or injury, and

D. Is appropriate for use in the home.

The "policy statement" of the Health Care Financing Administration was that the "Amigo" wheelchair is not durable medical equipment because its primary use is not for an ill or injured person.

---

1. A patient's rights under Part B meet the criteria of property rights set out in *Cervoni, supra*, at p. 1018. The Court goes on to make the general comment, by way of dictum, that rights under the Social Security Act are not property rights, citing *Flemming v. Nestor*, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). In *Cervoni*, the plaintiff was a doctor seeking reimbursement under Part B. The Court did not apparently face the issue of the rights of patients because it did not mention either *Mathews v. Eldridge, supra*, or the statement in *Flemming*, 363 U.S. at 611, 80 S.Ct. at 1372.

2. The plaintiffs in their brief express a belief that they could develop evidence through discovery of "subtle institutional pressures" which might impair the impartiality of the hearing officers. This appears to be purely speculative, but even if it were established it would not provide a basis for relief. The guarantee of due process is not a promise of a perfect forum.

■ When one of the crucial issues in the granting of benefits was thus foreclosed by unilateral action of the Health Care Financing Administration, there was no fair hearing.[3] In the circumstances of this case this is a violation of due process.

The plaintiff Leduc is considerably less specific in his allegation of constitutional deprivation. The nub of his complaint is the mandatory application by the hearing officer of the provisions of the Part B Medicare Carrier's Manual which governs electrically operated hospital beds. These provisions state in substance that an electrically operated hospital bed is only covered by Part B if the patient's condition is such as to require frequent changes of position and that no delay in such changes could be tolerated by the patient. The plaintiff's allegations in this case and evidence before the hearing officer was that he required a bed raised to 90°. The hearing officer accordingly reversed the carrier's decision insofar as it denied the plaintiff a manually operated hospital bed, but affirmed the denial of an electrically operated one.

■ The part of the manual relied on in Leduc's case does not impose a categorical predetermination of fact, but explicates the concept of reasonableness which is an implicit limitation on Part B Medicare reimbursement. As such, it seems to me to be fairly within the exemption of " . . . interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice" from the requirement of notice and hearing. 5 U.S.C. § 553(b)(A). *Schupak v. Califano*, 454 F.Supp. 105, 110 (E.D.N.Y.1978). In my opinion, the manual in this respect is neither arbitrary nor inconsistent with the policy of the statute. The plaintiff Leduc has therefore failed to allege a violation of his constitutional rights in the application of the Part B Medicare Carrier's Manual to his case.

It follows from the emphasis which I have placed above on the application of the Part B Medicare procedure to each claimant's particular circumstances that class action certification would be inappropriate. Accordingly, plaintiffs' motion to have the case certified as a class action is DENIED.

Plaintiffs' claims of lack of equal protection of the laws because of the different appeal procedures under Medicare Part A is without merit. Part A is a noncontributory tax supported hospital insurance program, many aspects of which vary substantially from Part B. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

In view of the relief which may be granted herein, I see no point in eliminating Blue Shield of Massachusetts, Inc. as a defendant. The Secretary's motion to do so is accordingly DENIED.

Ordinarily, the relief to be granted for failure of procedural due process would be a remand to the Secretary with directions that a new hearing be held. In the case of Ms. Hagan, however, the hearing officer made findings of fact which, in view of the foregoing, requires reimbursement to Ms. Hagan for her "Amigo" wheelchair. If it appears that there are no factual disputes, it would be appropriate for an order to enter directing the defendants to reimburse Ms. Hagan forthwith from the Federal Supplementary Medical Insurance Trust Fund in accordance with 42 U.S.C. § 1395*l*.

Although the hearing officer properly denied Mr. Leduc reimbursement for an electrically operated bed, she allowed reimbursement for a manually operated one. It appears that he has not received that reimbursement. Ordinarily, the court does not have authority to enforce reimbursement decisions, but once the case is here, it would be appropriate to enter a judgment terminating the entire controversy.

Accordingly, the motion to dismiss is DENIED with respect to the intervening plaintiff, Margaret Hagan, and ALLOWED with

---

3. The Health Care Financing Administration is a division of the Department of Health and Human Services, under the control of the Secretary. The conclusion that an electric wheelchair is not primarily for the use of an ill or injured person is startling, but the basis for the determination is not before me.

respect to the plaintiff Leduc, except that the court will retain jurisdiction of the case for the purpose of ordering the payment to Leduc of reimbursement for the manually operated bed if that has not been done prior to the entry of judgment in this case.