**Armando IZAGUIRRE, et al., Plaintiffs,**

v.

**Ron TANKERSLEY, et al., Defendants.**

**Civ. A. No. 78–780.**

United States District Court,
D. Oregon.

. June 24, 1981.

---

Spencer M. Neal, Richard M. Ginsburg, Oregon Legal Services Corp., Hillsboro, Or.,

Ira Zarov, Oregon Legal Services Corp., Portland, Or., for plaintiffs.

Ruth Waxman Hooper, Mark H. Wagner, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., for defendants.

## OPINION

REDDEN, District Judge:

Plaintiffs Armando Izaguirre and Esperanza Artis object to Judge Leavy's recommendation that a class should be certified only on plaintiffs' claims under the Farm Labor Contractor Registration Act (FLCRA), 7 U.S.C. § 2041 et seq. and that defendants' motion for partial summary judgment on those same claims be granted.

*Nature of the Case*

Plaintiffs are migrant farmworkers. They brought this class action alleging that defendants fraudulently induced them and other farmworkers to travel to Oregon to work on defendants' farm and that defendants breached the employment contracts once they arrived. They allege violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the FLCRA and Oregon's Unlawful Employment Practices statute, O.R.S. 659.210. Plaintiffs object only to Judge Leavy's Findings and Recommendation relative to the FLCRA issues in the case.

*Specific Objections*

Plaintiffs allege that Judge Leavy erred in (1) ruling on the merits of the FLCRA claims at the same time he ruled on class certification of those claims; and (2) recommending partial summary judgment in favor of defendants Darlene Harris and Fidel and Valerie Del Toro, on the grounds that they are not required to register as farm labor contractors under the FLCRA.

I have reviewed Judge Leavy's Findings and Recommendation *de novo* and I affirm.

*DISCUSSION*

1. *Simultaneous Ruling on Class Certification and the Merits*

Judge Leavy ruled that the class should be certified on the claims under the

FLCRA. At the same time, he ruled on the merits of the FLCRA claims, recommending partial summary judgment in favor of defendants. The class was certified under Federal Rule of Civil Procedure 23(b)(3). Plaintiffs contend that a court should not make a ruling on the merits of a 23(b)(3) class action simultaneous to a ruling certifying the class. Plaintiffs contend that the absent class members should have received notice of the action following certification and should have had the opportunity to opt out as provided in Rule 23(c)(2) before a dispositive ruling on the merits. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

In *Eisen*, the Supreme Court held that a 23(b)(3) class action cannot be maintained unless individual notice is given to all members of the class whose whereabouts can be reasonably ascertained. The Court further held that it is improper to inquire into the merits of an action in order to determine whether it should be maintained as a class action. *Id.*, 417 U.S. at 176–78, 94 S.Ct. at 2151–52. The Seventh Circuit has construed *Eisen* to require class certification before a ruling on the merits, if the class is to be certified under Rule 23(b)(3). *Jimenez v. Weinberger*, 523 F.2d 689 (7th Cir. 1975), *cert. denied, Mathews v. Jimenez*, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976); *Peritz v. Liberty Loan Corporation*, 523 F.2d 349 (7th Cir. 1975). In both cases, the court was concerned with the problem of "one way intervention," whereby a potential class member could await the outcome of a determination on the merits before deciding whether to opt in or out of the class. *See also American Pipe & Construction Company v. Utah*, 414 U.S. 538, 545–9, 94 S.Ct. 756, 762–4, 38 L.Ed.2d 713 (1974). The *Peritz* Court stated that the problem of one way intervention was addressed by Rule 23(c)(3) which requires that a judgment on the merits "include and describe those whom the court finds to be members of the class ... " That language would certainly preclude class certification *after* the entry of a judgment on the merits, but it does not preclude a simultaneous ruling.

The Seventh Circuit's holding is justified where the plaintiffs in a class action seek a ruling on the merits before class certification. Postponing a ruling on the merits until after class certification prevents absent class members from opting in or out depending upon the outcome on the merits. The justification disappears where it is the defendant who is seeking a ruling on the merits simultaneous to class certification and courts have recognized the propriety of simultaneous rulings under that circumstance. *See Postow v. OBA Federal Savings and Loan Association*, 627 F.2d 1370 (D.C.Cir.1980); *Haas v. Pittsburg National Bank*, 381 F.Supp. 801 (W.D.Pa.1974), *rev'd on other grounds*, 526 F.2d 1083 (3rd Cir. 1978). These courts note that the avoidance of one way intervention is intended to protect the defendant. There is no reason why the defendant cannot waive that protection and attempt to obtain a favorable decision which is not binding on the potential class members who were not afforded the opportunity to opt in or out of the class.

Here, the ruling on class certification was distinct from the ruling on the merits. *See, e. g., Acker v. Provident National Bank*, 373 F.Supp. 56 (E.D.Pa.1974). The defendants, not the plaintiffs, sought the ruling. Furthermore, the ruling was not hasty. Considerable delays in class certification had occurred at the request of the parties in order for discovery to be completed. *Cf., Jimenez v. Weinberger, supra.*

I conclude that the prohibition against "one way intervention" was intended to protect the defendants; that the defendants were entitled to waive that protection; and that, under all the circumstances here, a simultaneous ruling on class certification and the merits was not improper.

### 2. *Ruling on the Merits of the FLCRA*

Plaintiffs contend that Darlene Harris and Fidel and Valerie Del Toro violated the FLCRA by engaging in farm labor contracting activities without registering, as required under 7 U.S.C. § 2043. Judge Leavy concluded that Darlene Harris was

not a farm labor contractor within the meaning of 7 U.S.C. § 2042(b)(2) because she did not provide farm labor contracting services "for a fee." Judge Leavy also concluded that Fidel and Valerie Del Toro were exempt from the registration requirements of FLCRA because they only provided farm labor contracting services on an incidental basis under 7 U.S.C. § 2042(b)(3).

■ *Darlene Harris.* Plaintiffs initially objected to the entry of a partial summary judgment in Harris' favor before they had an opportunity to depose her. The record reflects that plaintiffs could have timely deposed Harris had they chosen to. Judge Leavy did not err in ruling on the merits although Harris had not been deposed. Nevertheless, because my review is *de novo*, I afforded plaintiffs the opportunity to depose Harris and submit a short brief following oral argument on the objections.

The evidence submitted by the parties, including the deposition of Darlene Harris reflects the following: Darlene Harris is the mother of Ron Tankersley, owner of the farm in question. She has worked extensively on the farm, particularly in the area of bookkeeping. She has engaged in some recruiting. Ron Tankersley supports her. She receives a check for $500 each month. She lives in a house which she considers to be part of the "family [farm] operation." Ron pays the mortgage and insurance, but she pays for the utilities. She drives cars belonging to the "family operation." She participates in a group health insurance plan with other members of the family. Her husband works for her son. Her husband sometimes pays for the health insurance and sometimes the family business pays for it. In her deposition, Harris consistently refers to the farm operation as a family operation in which all family members share. She denied that she was ever paid any compensation for her recruiting activities or that her son's support was based on her work on the farm.

The deposition added nothing to the issues which were already before the court. Indeed, during argument before Judge Leavy, plaintiffs' counsel acknowledged that there was no issue of fact regarding the passage of consideration from Ron Tankersley to Darlene Harris. The only issue was a legal issue: "how to label the relationship?" Judge Leavy concluded that Harris would have received support from her son regardless of her activities on the farm. Therefore, he ruled that Harris did not provide the recruiting services for a fee. Section 2042(c) defines a "fee" as ". . . any money or other valuable consideration paid or promised to be paid to a person for services as a farm labor contractor."

I agree with Judge Leavy's conclusion that Harris was not paid a fee for her recruiting services. She is therefore not a "farm labor contractor" for purposes of the FLCRA and partial summary judgment in her favor is affirmed.

■ *Fidel and Valerie Del Toro.* Under 7 U.S.C. § 2042(b)(3), persons who provide farm labor contracting services for a fee on an "incidental basis" only are exempt from the registration requirements of the FLCRA. The exemption applies only to full-time employees. At the hearing below, plaintiffs conceded that both Fidel and Valerie were full-time employees of Ron Tankersley. In their objections, however, they alleged that Fidel was not a full-time employee in 1978, when the claims arose. The evidence indicates that Fidel's participation in farm activities declined in 1978 because of a disability. I conclude, however, that he remained a full-time employee of the Tankersleys for the purpose of FLCRA.

The only issue, therefore, is whether Fidel and Valerie provided farm labor contracting services on more than an incidental basis. The term "incidental basis" has not been clearly defined. In *Marshall v. Heringer Ranches, Inc.*, 466 F.Supp. 285 (E.D. Cal.1979), the court held that an employee who spent less than ten per cent of his time on recruiting activities did so on an incidental basis. In *DeLeon v. Ramirez*, 465 F.Supp. 698, 702 (S.D.N.Y.1979), the court stated that the exemption should be read narrowly, not expansively. "To be more than incidental, the activities . . . need not be the sole job duties. It is sufficient if . . .

the farm labor contractor activities performed are one of the major or principal functions of the individual's job." *Citing, Usery v. Golden Gem Growers, Inc.,* 417 F.Supp. 857, 862 (M.D.Fla.1976).

■ As pointed out by Judge Leavy, as well as the court in *Marshall,* the purpose of the exemption from registration for full-time employees recruiting on an incidental basis only was to insure that the middle man between the farmer and migrant worker would be regulated.

The evidence established that the Del Toros are married. Valerie provides recruiting services approximately six per cent of the time, while Fidel recruits approximately three per cent of the time. While on a part-business, part-vacation trip to Arizona, Fidel did do some recruiting. There is no evidence that Fidel or Valerie were employed only to recruit migrant farm workers. Harris' deposition established that the farm was operated very much as a family farm; everyone pitched in; there were no set duties for each person.

On any farm as large as the Tankersleys', the recruiting of migrant workers is important. Tankersley obtains some local workers and "drive-ins" and has a core of migrant workers who are employed every year. It is still necessary to look elsewhere and to actively recruit every year. However, although such recruiting is vital to the successful operation of the farm, it cannot be said that any single employee or family member is responsible for recruiting or provides such services on other than an incidental basis.

I agree with Judge Leavy that the legislative history underlying the registration requirements of FLCRA indicates that the regulation of contracting activities was not intended to reach the type of contracting done by the Del Toros. I therefore affirm his recommendation that partial summary judgment be granted in favor of Fidel and Valerie Del Toro.

Affirmed.