**Delmacio LINOZ, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, etc., Defendant.**

**CV No. 82–0390.**

United States District Court, D. Hawaii.

July 30, 1984.

Ben H. Gaddis, Nancy J. Budd, Legal Aid Society of Hawaii, Hilo, Hawaii, Sally Hart Wilson, Neal S. Dudovitz, Gill W. Deford, Nat. Senior Citizens Law Center, Los Angeles, Cal., Bruce M. Fried, Nat. Senior Citizens Law Center, Washington, D.C., for plaintiffs.

Daniel A. Bent, U.S. Atty., R. Michael Burke, Asst. U.S. Atty., Honolulu, Hawaii, for defendant.

## MEMORANDUM DECISION

TASHIMA, District Judge Sitting by Designation.

This matter is before the Court on cross-motions for summary judgment and plaintiffs' motion for class certification. The parties agree that there are no controverted issues of material fact and that the matter is ripe for disposition by summary judgment. Plaintiffs challenge two administrative practices of the Department of Health and Human Services ("HHS") as violative of the Administrative Procedure Act, 5 U.S.C. §§ 552 and 553; Part B of the Health Insurance for the Aged Act (the "Medicare Act", or "Medicare Part B"); 42 U.S.C. § 1395, *et seq.;* and the Due Process Clause.

First, plaintiffs challenge defendant's policy requiring Medicare Part B hearing officers to follow the interpretive guidelines of the Health Care Financing Administration ("HCFA") Medicare Carriers Manual (the "Manual"). Under 42 U.S.C. § 1395u(f), the Secretary of HHS (the "Secretary") is authorized to enter into contracts with "carriers" to administer the

Medicare Part B program. The carrier, acting as agent for the Secretary, determines whether claims submitted by Part B enrollees meet Part B coverage criteria. Pursuant to regulations promulgated by HHS, a Part B claimant who is denied coverage may request a review of the initial determination. 42 C.F.R. §§ 405.804 and 405.807. After a second adverse determination with respect to a claim of $100 or more, the claimant is entitled to a fair hearing. 42 U.S.C. § 1395u(b)(3)(C); 42 C.F.R. § 405.811. The hearing officer's ruling must be based on the record established at the hearing, and must contain findings of fact and a basis for the determination. 42 C.F.R. § 405.834. The decision of the hearing officer is final and binding upon the claimant. 42 C.F.R. § 405.835. Judicial review of Part B claims is not authorized by statute or regulation. *See Schweiker v. McClure,* 456 U.S. 188, 191, 102 S.Ct. 1665, 1667, 72 L.Ed.2d 1 (1982).

Agency regulations provide that Medicare Part B hearing officers must comply with

all the provisions of title XVIII of the Act and regulations issued thereunder, as well as with policy statements, instructions and other guides issued by the Health Care Financing Administration in accordance with the Secretary's agreement with the carriers.

42 C.F.R. § 405.860. The Manual similarly requires that hearing officers comply with "the provisions of title XVIII of the Social Security Act, related regulations, as well as policy statements, instructions, and other guides issued by [HCFA]." Manual § 12021A. Thus, HCFA guidelines published in the Manual are binding on Medicare Part B hearing officers.

One of these HCFA guidelines, Manual § 2120.3F, prohibits payment for "ambulance service to a more distant hospital solely to avail a patient of the service of a specific physician or a physician in a specific specialty ...."[1] Plaintiffs herein are

---

1. The regulation from which § 2120.3F arises, 42 C.F.R. § 405.232(i), was amended subsequent to the filing of this action to provide that "'[a]ppropriate facilities' ... means that the

Medicare Part B claimants who were denied coverage for ambulance service on the basis of § 2120.3F.

### 1. *The Administrative Procedure Act*

#### A. *Publication*

Plaintiffs argue that §§ 12201A and 2120.3F of the Manual are binding agency rules which must be published in the Federal Register. The Administrative Procedure Act ("APA"), 5 U.S.C. § 552(a)(1)(D), requires publication in the Federal Register of agency rules which are "substantive rules of general applicability ... and statements of general policy or interpretations of general applicability ...." Section 552(a)(2) exempts from the publication requirement certain "statements of policy and interpretations which have been adopted by the agency," and administrative staff manuals. 5 U.S.C. § 552(a)(2)(B), (C). Section 552(a)(1)(D) has been interpreted to require publication where agencies "adopt new rules or substantially modify existing rules, regulations, or statutes and thereby cause a direct and significant impact upon the substantive rights of the general public or a segment thereof." *Lewis v. Weinberger,* 415 F.Supp. 652, 659 (D.N.M.1976). Conversely, no publication is necessary if the agency rule is "only a clarification or explanation of existing laws or regulations," and has "no significant impact upon any segment of the public ...." *Anderson v. Butz,* 550 F.2d 459, 463 (9th Cir. 1977).

■ Section 12021A of the manual mirrors almost precisely the language of 42 C.F.R. § 405.860. Plaintiffs contend that the Manual provision, which binds hearing officers to manual guidelines concerning coverage of claims, has a "significant impact." However, the provision merely reiterates HHS regulations concerning Medicare Part B hearings and, as such, neither effects a modification of statutory and regulatory provisions nor significantly impacts a segment of the public. *See Anderson,* 550 F.2d at 463.

hospital has available a physician or specialist

■ Section 2120.3F similarly is only a clarification or explanation of existing statutory and regulatory provisions which does not have a significant impact on a segment of the public. Agency regulations, as promulgated in August 1971, provided coverage for ambulance service from a hospital which "lacks appropriate facilities" to "the nearest institution having appropriate facilities ...." 42 C.F.R. § 405.232(i). Unlike *Anderson,* in which the rule in question effected a substantial change from existing agency practice, the policy challenged herein interprets existing regulations and does not fall within the mandate of § 552(a)(1)(D). *Compare, Dean v. Butz,* 428 F.Supp. 477, 480 (D.Haw.1977) (publication required where agency rule construes existing regulation to apply to new type of assistance payment created by the state); *Lewis,* 415 F.Supp. at 660 (contested policy substantially modifying existing statute and regulations governing Indian health care must be published).

#### B. *Notice and Comment Rule-Making*

The APA, 5 U.S.C. § 553, requires publication of proposed agency rules, to be followed by a comment period and consideration of public response prior to the rule's promulgation. Defendant argues that the policies challenged herein fall within two exceptions to the APA's "notice and comment" provision.

The first of these exceptions applies to "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice ...." 5 U.S.C. § 553(b)(3)(A). Plaintiffs contend that the § 553(b)(3)(A) exception is inapplicable to rules that have a "substantial impact" on those regulated. *See, e.g., National Ass'n of Home Health Agencies v. Schweiker,* 690 F.2d 932, 949 (D.C.Cir.1982), *cert. denied,* 459 U.S. 1205, 103 S.Ct. 1193, 75 L.Ed.2d 438 (1983). However, the Ninth Circuit has held that § 553 does not require the notice and comment procedure for interpretive rules, even where those rules

as necessary to treat the patient's condition."

have a substantial impact. *Rivera v. Becerra,* 714 F.2d 887, 890–91 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1591, 80 L.Ed.2d 124 (1984).

■ The policies challenged here are interpretive rules which are exempt from the § 553 notice and comment procedure. The policies neither create new law, *see New Jersey v. Dep't of Health and Human Services,* 670 F.2d 1262, 1281 (3d Cir.1981); *American Medical Int'l, Inc. v. Secretary of H.E.W.,* 466 F.Supp. 605, 616 (D.D.C. 1979), *aff'd,* 677 F.2d 118 (D.C.Cir.1981), nor constitute a substantial departure from existing administrative practice. *See Home Health Agencies,* 690 F.2d at 949. The challenged agency rules are interpretations or clarifications of existing HHS regulations. Manual § 12021A merely repeats the directive set forth in 42 C.F.R. § 405.-860. Manual § 2120.3F explains how hearing officers are to apply the "nearest appropriate facilities" language of 42 C.F.R. § 405.232(i).

Defendant also contends that the challenged agency rules fall within the § 553 exception for matters relating to public benefits. 5 U.S.C. § 553(a)(2). With respect to Manual § 2120.3F, which was promulgated after February 5, 1971, the Secretary waived this "benefits" exception. Because I conclude that the challenged agency rules fall within the § 553(b)(3)(A) exception to the APA's notice and comment provision, I do not decide whether Manual § 12021A, promulgated prior to February 1971, also falls within the benefits exception of § 553.

#### 2. *The Medicare Act*

Plaintiffs argue that 42 C.F.R. § 405.860, and Manual § 12021A, which require Medicare Part B hearing officers to be bound by unpromulgated agency rules, violate two provisions of the Medicare Act. Section 1395hh of the Medicare Act, 42 U.S.C. § 1395hh, authorizes the Secretary to "prescribe such regulations as may be necessary to carry out the administration of the insurance programs under this subchapter." Plaintiffs contend that the use of the

words "such *regulations*" prohibits giving the same "force of law" to unpublished Manual provisions. Defendant points to the absence of any Congressional intent to circumscribe the mandate contained in § 405.860 as evidence that Congress conferred upon the Secretary broad authority to implement Medicare Part B fair hearings. *Cf. St. Louis Univ. v. Blue Cross Hosp. Serv.,* 537 F.2d 283, 290 (8th Cir.), *cert. denied,* 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976).

Plaintiffs also assert that § 405.860 and § 12021A of the Manual deprive claimants of their right to individual determinations by hearing officers in violation of 42 U.S.C. § 1395u(b)(3)(C), which requires that an opportunity for a fair hearing be granted for claims of $100 or more.

■ Neither argument has merit. Plaintiffs assume that the binding nature of the Manual in itself gives these unpublished provisions the force of law. As discussed above, however, the Secretary may, consistent with the APA, promulgate agency interpretations of statutory and regulatory provisions to aid in the implementation of the Medicare Part B Program. Neither Congress nor the courts have acted to limit such agency discretion. In holding that the use of carrier-appointed hearing officers to administer Medicare Part B claims does not violate due process requirements, the Court in *Schweiker v. McClure* noted that "the carriers operate under contracts that require compliance with standards prescribed by the statute and the Secretary." 456 U.S. at 197, 102 S.Ct. at 1670–71. Plaintiffs have cited no authority to support their argument. Accordingly, I conclude that 42 C.F.R. § 405.860 and Manual § 12021A, are consistent with the language and intent of the Medicare Act.

■ Plaintiffs further claim that Manual § 2120.3F denies Medicare beneficiaries services to which they are entitled under the Medicare Act. Section 1395x(s)(7) of the Medicare Act, 42 U.S.C. § 1395x(s)(7), provides that reimbursable "medical and other health services" include "ambulance

service where the use of other methods of transportation is contraindicated by the individual's condition, but only to the extent provided in regulations." It cannot be said that this statutory language guarantees reimbursement to Medicare Part B claimants for *all* ambulance service. Section 1395x(s)(7) specifically contemplates the promulgation of regulations governing the circumstances under which ambulance service will be covered. HHS regulations and Manual § 21210.3F are reasonable constructions of § 1395x(s)(7) and must be upheld. *See Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660, 36 L.Ed.2d 318 (1973).

### 3. *Due Process*

■ Plaintiffs challenge 42 C.F.R. § 405.860 and Manual § 12021A as violative of the Due Process Clause, claiming that the regulation and agency rule deprive the Medicare Part B hearing officer of the authority to decide claims on a case-by-case basis, and deny claimants the ability to examine the relevant rules in the Federal Register prior to a fair hearing. The court in *LeDuc v. Harris*, 488 F.Supp. 588, 590–91 (D.Mass.1980), held that an agency rule excluding a certain type of wheelchair from the category of "durable medical equipment" foreclosed "one of the crucial issues in the granting of benefits" in violation of plaintiffs' due process rights. Here, unlike *LeDuc*, the challenged provisions do not foreclose individual determinations based on the record of the case. Determinations of Medicare Part B claims based upon an evidentiary hearing and construed in accordance with relevant regulatory provisions and agency interpretations of those provisions comports with due process requirements.

■ Regulations issued by an agency pursuant to statutory authority will be upheld where "reasonably related to the purposes of the enabling legislation." *Mourning,* 411 U.S. at 369, 93 S.Ct. at 1661; *New Jersey,* 670 F.2d at 1282–83. Accordingly, I conclude that defendant correctly applied the HHS regulations and the Manual to deny plaintiffs' claims.

### 4. *Class Certification*

Simultaneously with their motion for summary judgment, plaintiffs also sought certification of two nationwide classes under F.R.Civ.P. 23. The classes sought are: (a) all persons whose claims for ambulance services were denied under Manual § 2120.-3F; and (b) all persons whose Medicare Part B claims were denied because hearing officers gave binding effect to the Manual, *i.e.*, because of Manual § 12021A. The government opposes class certification on a number of grounds.

■ I first note that although F.R.Civ.P. 23(c)(1) requires that the maintainability of a putative class action be determined "As soon as practicable after the commencement of an action," no explanation has been tendered for the two-year wait before the motion was brought on for hearing. There is some authority that class certification must be determined before a ruling on the merits, at least where a Rule 23(b)(3) class is concerned and where the ruling on the merits is sought by plaintiffs, in order to avoid "one way intervention." *Izaguirre v. Tankersley,* 516 F.Supp. 755, 757 (D.Ore.1981). Here, although certification is sought under Rule 23(b)(1)(A) & (b)(2), it is not entirely clear that Rule 23(b)(3) does not apply. In essence, plaintiffs seek monetary relief. Because of the above problems, defendant's opposition and the numerous issues raised thereby and the untimeliness of the motion, the Court declines to certify this as a class action. In light of the ruling on the merits, it would require a needless expenditure of judicial resources to further address the motion for class certification.

### 5. *Intervention*

■ Also before the court was the motion of the widow of plaintiff Delmacio Linoz to intervene. Intervention was sought under F.R.Civ.P. 24 due to said plaintiff's death. The motion was denied at the hearing and counsel was advised that

the proper procedure was to seek substitution under F.R.Civ.P. 25(a). No such application has been made.

*Order*

IT IS ORDERED:

1. Defendant's motion for summary judgment is granted.

2. Plaintiffs' motion for summary judgment is denied.

3. Plaintiffs' motion for class certification is denied.

4. The motion of Felizia Gallardo Linoz to intervene is denied.

5. Judgment shall be entered dismissing the action on the merits.