815 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BARKER, A.E. Barnett, John Blair, Jack Bowling,
Roland E. Caron, Buel E. Conner, James David, James W.
Davis, Donald E. Davisson, Jacqueline Dial, Paul Dillow,
Marion Dutey, Willis Dean Ferguson, James Gardner, James
Geyer, Ray Gibson, Park Hamlin, Carlos Haney, Gilliam
Harris, Richard Harris, Billy G. Hite, Donna J. Huff, Ernest
Johnson, Donald R. Maxwell, George C. McClavin, Edgar
McGuire, Ballard Meade, Ronald Meeks, Patsy S. Moore, Gary
Newman, Donald Page, Leonard Phelps, James W. Ramsdell,
James Schweickart, Richard W. Smith, Ray Starr, Tom Stewart,
Robert Strassburg, C.G. Sturgeon, Bob H. Turnmire, Dick
Washburn and John Woodberry, Plaintiffs-Appellants,
v.
ALLIED CORPORATION, Defendant-Appellee
 No. 86-5320.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1987.
 
 Before MARTIN, WELLFORD, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Barker and forty-one others challenge the district court's adoption of a magistrate opinion which dismissed their claims against Allied Corporation for continuation payments or severance pay. The forty-two plaintiffs were salaried employees at the Ashland, Kentucky Coke Plant when Allied sold the plant to a steel producer, Armco, Inc., in 1981. These former Allied employees seek to recover severance pay under Allied's policy requiring payment if a plant sale "materially reduces" an employee's compensation or benefits. In granting summary judgment the district court observed that under the Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001, et seq., the decisions of pension administrators must be sustained unless they were arbitrary or capricious. The facts as disclosed in the magistrate's report allow no other conclusion but that under the arbitrary and capricious standard, summary judgment was appropriate.
 
 
 2
 At the time of the plant sale Allied had in force its Salaried Employees Salary Continuation Plan. This plan provided that benefits would extend in the case of involuntary termination, but that the benefits would "not apply to the sale of a facility ... unless such sale materially reduces affected employee's compensation or benefit programs, with the successor employer." When Allied sold the plant, each of the plaintiffs was offered and accepted employment with Armco at the same rate of pay. They were eligible for benefits on the same basis as other Armco employees, and, for benefit purposes, each received length of service credit with Armco for his time with Allied. Plaintiffs retained as a minimum their pension entitlement under Allied, but also remained eligible for additional benefits under the Armco plan. Plaintiffs were also eligible to participate in a wide range of benefits with Armco--a pension plan, a thrift plan, medical and disability plans, etc. Allied thus concluded that the sale did not "materially reduce" the plaintiffs' compensation or benefit programs and did not pay severance benefits.
 
 
 3
 Under the Employee Retirement Income Security Act, 29 U.S.C. Sec. 1001, et seq., the decisions of pension administrators affecting "employee welfare benefit plan[s]" must be upheld unless they are "arbitrary and capricious." See Pierce v. NCEA-IBEW Welfare Trust Fund, 488 F.Supp. 589, 564 (E.D.Tenn.1978), aff'd, 620 F.2d 589 (6th Cir.1980). As the magistrate explained in detail in his report, Allied administered its program in a "rational and reasonable manner, in good faith, within the discretion of the administrators and in accordance with the plain wording of the documents governing the plan." In view of the similarity of the plaintiffs' benefits packages before and after the plant sale, we must agree.
 
 
 4
 Plaintiffs contend that Allied acted inconsistently by making a severance payment to James Turner but refusing to do the same for them. Contrary to their argument, Turner did not receive a severance payment, but merely a settlement in a law suit. As Allied properly points out, this settlement does not raise an issue of fact. Allied denied severance payment to Turner just as it had to plaintiffs; his treatment was thus the same as the others. That Allied opted for settlement of Turner's claim is irrelevant--the settlement could have been based on any of a number of reasons having no bearing on the plan's interpretation.
 
 
 5
 We adopt the opinion of the magistrate and affirm the district court.