**Kay BOYLE et al., Plaintiffs-Appellants,**

v.

**Frank I. MADIGAN et al., Defendants-Appellees.**

**No. 73–1345.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1974.

Edward H. Lyman, Berkeley, Cal. (Argued), Clifford Sweet, Stephen E. Ronfeldt, Oakland, Cal., for plaintiffs-appellants.

Peter W. Davis (Argued) of Crosby, Heavey, Roach & May, Oakland, Cal., Richard J. Moore, County Counsel, Thomas J. Fennone, Deputy County Counsel, County of Alameda, Oakland, Cal., for defendants-appellees.

Before MERRILL and KILKENNY, Circuit Judges, and BELLONI,* District Judge.

---

\* Honorable Robert C. Belloni, Chief United States District Judge for the District of Oregon, sitting by designation.

1. One plaintiff originally sought money damages. When the complaint was dismissed

MERRILL, Circuit Judge:

The individual plaintiffs are residents of the Northern District of California who have in the past been incarcerated in Alameda County jail, known as the Santa Rita Rehabilitation Center. None was so incarcerated at the time suit was brought. They bring this action "on behalf of themselves and all other persons who are now, have been, or will be incarcerated in the Santa Rita Rehabilitation Center, and who are now, or have in the past, or will suffer from physical or mental illnesses while so incarcerated."

The complaint relates to the quality of medical care at the rehabilitation center. It states:

"The suit is not about the occasional failure of the Defendants to provide adequate and proper care to one, five, or even ten prisoners. Rather, it is about the deliberate operation over a period of in excess of five years of a medical *system* that automatically guarantees that the overwhelming majority of prisoners will be denied *essential* medical care."

The "system" is discussed in detail and the manner of its operation upon each individual plaintiff is set forth.

The prayer is for equitable relief.[1] The complaint seeks a declaration that defendants have subjected plaintiffs and the class they represent to cruel and unusual punishment and have denied them their rights to privacy and to petition the courts for redress of grievances. It seeks a decree enjoining defendants from continuing to engage in the practices specified and requiring them to submit for approval a plan assuring compliance.

On motion of the defendants, the District Court entered its order dismissing the action.

without leave to amend as to all other plaintiffs, this plaintiff was granted leave to amend. When he failed to do so within the time allowed, suit was dismissed as to all plaintiffs.

Much of the argument on appeal has centered on class-action problems: whether the action can properly be maintained as a class action; whether these plaintiffs can properly represent the class they purport to represent. These questions we need not reach. The District Court did not make determinations in this respect under Rule 23(c)(1), Federal Rules of Civil Procedure. Instead it proceeded directly to dismissal of the action.

In our judgment this is the proper course to follow where the named plaintiffs have failed to state a claim in themselves for the relief they seek. Until they can show themselves aggrieved in the sense that they are entitled to the relief sought, there is no occasion for the court to wrestle with the problems presented in considering whether the action may be maintained on behalf of the class. Until a claim on their own behalf is alleged by the named plaintiffs they have failed to allege an actual case or controversy.

Such is the holding in O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L. Ed.2d 674 (Jan. 15, 1974), where the Court stated:

> "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."

414 U.S. at 494, 94 S.Ct. at 675.

Here, since no named plaintiff was, on commencement of the action, incarcerated in Santa Rita Rehabilitation Center, none would have received any direct benefit from the injunction sought, the implementing plan, or the declaratory relief. Nor would the prospect that they may in the future return to the center as inmates suffice. As stated in O'Shea v. Littleton, *supra:*

> "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects. * * *

> Of course, past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury. But here the prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law * * *

As in Golden v. Zwickler [394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969)], we doubt that there is 'sufficient immediacy and reality' to respondents' allegations of future injury to warrant invocation of the jurisdiction of the District Court. There, 'it was wholly conjectural that another occasion might arise when Zwickler might be prosecuted for distributing the handbills referred to in the complaint.' 394 U.S., at 109 [89 S.Ct., at 960]."

414 U.S. at 495, 94 S.Ct. at 676.

Judgment affirmed.