**Henry T. WRIGHT and Helen F. Wright, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,**

v.

**Darrell Marlow SCHOCK, et al., Defendants,**

**and**

**Security National Bank, Hibernia Bank, Diablo State Bank, Transamerica Title Insurance Co., Commonwealth Land Title Insurance Co., Western Title Insurance Co., St. Paul Title Insurance Co., Safeco Title Insurance Co., Title Insurance Co. of Minnesota, Chicago Title Insurance Co., Title Insurance & Trust Co., and First American Title Insurance Co., Defendants-Appellees.**

No. 83–2241.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 1984.

Decided Sept. 11, 1984.

Elizabeth Joan Cabraser, Mills, Wilcox, San Francisco, Cal., for plaintiffs-appellants.

Edmund L. Regalia, Miller, Starr & Regalia, Oakland, Cal., Robert Knox, Atwood, Hurst & Knox, San Jose, Cal., John N. Hauser, George Grellas, McCutchen, Doyle, Brown & Enerson, San Francisco, Cal., Allan B. Cooper, Ervin, Cohen & Jessup, Beverly Hills, Cal., for defendants-appellees.

Before HUG, TANG, and FARRIS, Circuit Judges.

HUG, Circuit Judge:

· This case presents the issue whether a district court may, in its discretion, rule on a defendant's motion for summary judgment without first granting or denying a timely motion to certify a plaintiff class.

## FACTS

Appellants Henry and Helen Wright brought this action on behalf of themselves and some 2500 similarly situated parties alleging violations of federal and state securities laws and common-law fraud in connection with their purchase of promissory notes secured by deeds of trust on real property. These notes were offered to them by an entity known as Golden State Home Loans ("GSHL"). They named as defendants Darrell and Jean Schock, the sole shareholders of GSHL, and 63 other individuals bearing various relationships to the acts alleged in the complaint. They also named as defendants three banks and nine title companies. The Wrights alleged that they and other members of the proposed class had suffered losses of funds invested with GSHL as well as the loss of expected interest earnings. Losses to the class of funds invested with GSHL are estimated to exceed $10 million. The Wrights themselves claim losses of $113,-000.

The defendant banks and title companies filed motions for dismissal or summary judgment on two separate and independent grounds. They contended that the transactions between the Wrights and GSHL did not involve the purchase or sale of "securities" within the meaning of the federal securities laws and that the district court, therefore, lacked subject matter jurisdiction over the action. They further contended that even if the subject transactions were found to involve securities, as a matter of law no securities liability could attach to the involvement of the title company and bank defendants in these transactions. The Wrights filed their own motion for partial summary judgment, asking the district court to find as a matter of law that the transactions in question involved securities within the reach of the federal securities laws.

The district court stated its belief that some, if not all, of the trust deed investments offered by GSHL were probably "securities" under federal law; but the court held that questions of material fact remained and so declined to grant summary judgment on that issue. *Wright v. Schock*, 571 F.Supp. 642, 653–54 (N.D.Cal.1983). The district court also ruled that the bank and title company defendants were entitled to summary judgment on the issue of liabil-

ity. It dismissed these defendants from the case, *id.* at 664, and it certified the judgment pursuant to Fed.R.Civ.P. 54(b). The pendent state claims against the bank and title company defendants were dismissed without prejudice, and about $60,-000 in costs incurred by these defendants were assessed against the Wrights pursuant to Fed.R.Civ.P. 54(d). The Wrights had filed a timely motion for class certification; but the district court, with the acquiescence of the defendants, made no ruling thereon prior to granting summary judgment.

The only issue contested by the Wrights on appeal is whether it was proper for the district court to order summary judgment on the liability question without first ruling on class certification. They assert that the district court's action violated Fed.R.Civ.P. 23(c)(1) and the due process rights of both themselves and the putative class members. The Wrights seek to have the summary judgment order vacated and the case remanded to the district court for a ruling on the class issue.

## ANALYSIS

According to Fed.R.Civ.P. 23(c)(1), the district court must rule on the issue of class certification "[a]s soon as practicable after the commencement of an action brought as a class action...." The Wrights contend that this language requires the district court to decide the class certification issue before making any rulings on the merits. The history of Rule 23, however, shows that its framers considered and rejected a provision imposing just such a requirement. *See* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 34 F.R.D. 325, 386 (1964); *cf.* Committee on Federal Rules of Civil Procedure, *Judicial Conference—Ninth Circuit* (Second Supplemental Report), 37 F.R.D. 499, 522 (1965). The key word of section (c)(1) in its final form is "practicable," a term that deliberately avoids a mechanical approach and calls upon judges

"to weigh the particular circumstances of particular cases and decide concretely what will work...." Frankel, *Some Preliminary Observations Concerning Civil Rule 23*, 43 F.R.D. 39, 40 (1968). In short, the language of section (c)(1) "leaves much room for discretion." *City of Inglewood v. City of Los Angeles*, 451 F.2d 948, 951 (9th Cir.1971); *see* 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1785, at 116 (Supp.1984); 6 *Fed.Proc. L.Ed.* § 12:180 (1982).

■ Although this court has never discussed a situation in which the district court has granted summary judgment to the defendant before ruling on class certification, it has expressed its approval where the district court granted a dismissal. *See Boyle v. Madigan*, 492 F.2d 1180, 1182 (9th Cir.1974). This court has tacitly followed *Boyle* in several more recent opinions involving dismissals. *See Isham v. Pierce*, 694 F.2d 1196 (9th Cir.1982); *Halet v. Wend Investment Co.*, 672 F.2d 1305 (9th Cir.1982); *Montgomery v. American Airlines, Inc.*, 637 F.2d 607 (9th Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Moreover, several other circuit courts have affirmed summary judgment for a defendant where no ruling has been made as to the class. *See, e.g., Project Release v. Prevost*, 722 F.2d 960, 963 & n. 2 (2d Cir.1983); *Pharo v. Smith*, 621 F.2d 656, 663–64 (5th Cir.), *on rehearing aff'd in part, remanded in part on other grounds*, 625 F.2d 1226 (1980); *Vervaecke v. Chiles, Heider & Co.*, 578 F.2d 713, 719–20 (8th Cir.1978); *Crowley v. Montgomery Ward & Co.*, 570 F.2d 877, 879 (10th Cir.1978); *Acker v. Provident National Bank*, 512 F.2d 729, 732 n. 5 (3d Cir.1975). These cases are consistent with the language of Rule 23(c)(1) calling for a class determination "as soon as practicable." They demonstrate that the timing provision of Rule 23 is not absolute. Under the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to

rule on a motion for summary judgment before it decides the certification issue.

■ In the present case, the district court held extensive discussions with the parties to determine the most fair and economical way to structure this complex litigation. The court expressed concern about the considerable time and expense that would likely be involved in preparing to try all of the Wrights' claims against the banks and title companies. The record also suggests a concern that extensive discovery might be necessary on the class certification issue itself. The district court determined that the threshold issues relating to the banks and title companies might be resolved on motions for summary judgment after quite limited discovery. The district court reasoned that if this could be done, and if the transactions in question were found not to involve "securities," or if the routine services provided by the banks and title companies were found insufficient to give rise to liability under the federal securities laws, then the named plaintiffs' pendent claims against those defendants could be dismissed without prejudice, and the action against them in federal court would be finished. This approach, to which the defendants consented, held the promise of saving all of the parties considerable time and expense. As it turned out, the issue concerning the definition of "securities" could not be resolved by summary judgment; but the liability issue was resolved in the defendants' favor, and they were dropped from the case. The Wrights' case against the remaining 65 defendants, including their motion for class certification, then proceeded.

■ Under these circumstances, we cannot say that the course chosen by the district court manifested an abuse of discretion. It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation. *See Haas v. Pittsburgh National Bank,* 381 F.Supp. 801, 805–06 (W.D.Pa.1974), *aff'd in part and rev'd in part on other grounds,* 526 F.2d 1083 (3d Cir.1975); Note, *Reopening the Debate: Postjudgment Certification in Rule 23(b)(3) Class Actions,* 66 Cornell L.Rev. 1218, 1240–41 (1981) (hereinafter cited as *Postjudgment Certification).*

■ This might be a different case if the defendants had not consented to the chosen procedure; for as the matter now stands, defendants have prevailed only against the named plaintiffs. The judgment will not be res judicata as to other individual plaintiffs or other members of any class that may be certified. These individuals or class members remain free to assert any claims they may have against the bank and title company defendants. This type of potential disadvantage to defendants has prompted some courts to hold that no decision on the merits of a class action can precede a determination on class certification. *See, e.g., Horn v. Associated Wholesale Grocers, Inc.,* 555 F.2d 270, 273–75 (10th Cir.1977); *Peritz v. Liberty Loan Corp.,* 523 F.2d 349, 352–54 (7th Cir.1975). These cases, however, leave open the question presented by the case at hand: whether a defendant may waive the protection afforded by an early ruling on class certification. *See Peritz,* 523 F.2d at 354 n. 4. Several courts have in fact permitted such a waiver. *See, e.g., Postow v. OBA Federal Savings and Loan Ass'n,* 627 F.2d 1370, 1380–84 (D.C. Cir.1980); *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 757–62 (3d Cir.) (en banc), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); *Izaguirre v. Tankersley,* 516 F.Supp. 755, 756–57 (D.Ore.1981). We believe this to be the proper approach. Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first.

The Supreme Court decision relied on by the Wrights, *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), does not require a different result. In that case, the district court held a preliminary hearing at which it deter-

mined that the plaintiffs were very likely to prevail on the merits, and on that basis it allocated 90 percent of the cost of class notice to the defendants. The Supreme Court reversed on the grounds that such a preliminary hearing is not provided for under Rule 23 and may, because of its informal nature, result in substantial prejudice to the defendants. But the *Eisen* decision does not address the timing issue presented by the case at hand. It does not say that a court may never consider the merits of a suit prior to a class determination. *See Haas*, 381 F.Supp. at 802–06; Note, *Postjudgment Certification*, 66 Cornell L.Rev. at 1248. Rather, it merely prohibits "preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen*, 417 U.S. at 177, 94 S.Ct. at 2152; *see also* Note, *Developments in the Law: Class Actions*, 89 Harv.L.Rev. 1318, 1418–19 (1976). In the present case there was no informal preliminary hearing on the merits but a full and formal hearing on the motions for summary judgment. Also, the district court did not use its Rule 56 determination as a basis for deciding whether a class action was maintainable.

■ Our conclusion might well be different if members of the class or the named plaintiffs themselves had been prejudiced by such a procedure; however, no potential for prejudice has been shown here. Putative class members remain entirely free to file suit against the banks and title companies. They will, of course, be faced with the stare decisis effect of the decision against the Wrights, but they are in no worse position than they would have been if the Wrights had filed suit individually. Further, they do not face a statute of limitations problem because the bringing of a class action tolls the statute of limitations as to all asserted members of the class. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, ——, 103 S.Ct. 2392, 2395, 76 L.Ed.2d 628, 633 (1983); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974); *see also Pavlak v. Church*, 727 F.2d 1425, 1426 (9th Cir.1984).

■ The Wrights themselves have also not been prejudiced. They complain that they were taxed over $60,000 in costs for their efforts on behalf of the class and that the district court's failure to certify the class precluded the possibility that class members might share this burden. In some circumstances this might be a legitimate concern, but it is not one that Rule 23 was designed to address. *See* Note, *Postjudgment Certification*, 66 Cornell L.Rev. at 1234. Absent class members have no obligation to pay attorneys' fees and litigation costs, except when they elect to accept the benefit of the litigation. *Lamb v. United Security Life Co.*, 59 F.R.D. 44, 48–49 (S.D.Iowa 1973); 2 *Newberg on Class Actions* § 2780 (1977). In the present case, if the district court had ordered discovery and hearings on the certification issue before ruling on the defendants' motion for summary judgment, costs taxed against the Wrights would undoubtedly have been greater, and in all likelihood the Wrights would still have had to bear this burden alone, even if the class had been certified.

The Wrights also contend that they could have better communicated with potential class members and perhaps gathered sufficient evidence to overcome the summary judgment motion if the class had been certified first. It appears, however, that the Wrights were free to communicate with potential class members and that they did communicate. The district court, at least, did not restrict them, and the Wrights did not complain at the time about their inability to talk with the putative class.

## CONCLUSION

■ Neither Fed.R.Civ.P. 23 nor due process necessarily requires that the district court rule on class certification before granting or denying a motion for summary judgment. Rule 23 clearly favors early determination of the class issue, but where considerations of fairness and economy dictate otherwise, and where the defendant consents to the procedure, it is within the

discretion of the district court to decide the motion for summary judgment first. Under the facts of the present case, the district court did not abuse its discretion.

The judgment is therefore AFFIRMED.