841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jim W. PLAYER, Plaintiff-Appellant,
v.
MAHER TERMINALS, INC., Defendant-Appellee.
Jim W. PLAYER, Plaintiff-Appellant,
v.
MAHER TERMINALS, INC., Defendant-Appellee.
 Nos. 87-3535, 87-3575.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 2, 1987.
Decided: Jan. 19, 1988.
 
 Norris Carlton Ramsey, for appellant.
 Kurt James Fischer (Francis B. Burch, Jr.; Paul A. Tiburzi; Piper & Marbury, on brief), for appellees.
 Before HARRISON L. WINTER, Chief Judge, SPROUSE, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jim W. Player (Player) brought suit against his employer, Maher Terminals, Inc. (Maher) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. and 42 U.S.C. Sec. 1981 alleging that in assigning work among its seven gangs of longshoremen, Maher discriminated against the four gangs that were predominently black. Plaintiff sought to represent a class of Maher's black longshoremen. The district court initially indicated that it would certify the class then, requested instead, that Maher file a motion for summary judgment. The affidavits supporting the motion established that Maher assigned work among its gangs based upon their relative productivity, and plaintiff produced no evidence to controvert this fact. The district court therefore granted defendant's motion for summary judgment based upon a business necessity defense. Plaintiff's motion to alter or amend judgment was denied. Plaintiff's appeal is two-pronged: (1) the district court erred in granting summary judgment prior to deciding whether to certify plaintiff's class, and (2) the grant of summary judgment was improper on the merits. We affirm.
 
 I.
 
 2
 Plaintiff's argument that a district court may not determine the issue of summary judgment before the issue of class certification is incorrect. While F.R.C.P. 23(c)(1) requires a district court to determine whether a class action shall be maintained "[a]s soon as practicable after the commencement of an action brought as a class action," Rule 23 does not preclude a district court from considering a motion for summary judgment prior to the issue of class certification. Wright v. Schock, 742 F.2d 541, 544 (9 Cir.1984). Moreover, any prejudice stemming from the grant of summary judgment before the question of class certification is decided works against the defendant who, as a result, is only protected against the would-be class members by the doctrine of stare decisis rather than res judicata. Accord Haas v. Pittsburgh National Bank, 381 F.Supp. 801, 805-6 (W.D.Pa, aff'd in part and rev'd in part on other grounds, 526 F.2d 1083 (3 Cir.1975).
 
 II.
 
 3
 On the merits, the grant of summary judgment for defendant was correct. While plaintiff proved that he was a member of a protected class, and presented statistical evidence of disparate treatment among black and white gangs, he failed to demonstrate a genuine issue of material fact that defendant's proferred rationale for disparate treatment was a pretext for discrimination as required under Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248, 256 (1981). Because business necessity encompasses assigning work based upon productivity and because plaintiff has offered no alternative assignment method with a lesser discriminatory impact and an equivalent degree of job-relatedness, see Albemarle Paper Co. v. Moody, 422 U.S. 405, 425 (1975); Guardians Ass'n of New York City v. Civil Serv., 630 F.2d 79, 110 (2 Cir.1980), cert. denied, 452 U.S. 940 (1981), the grant of summary judgment was proper.*
 
 
 4
 Finally, plaintiff's admission at oral argument that the gangs are free to select or reject crane operators who are allegedly responsible at least in part for the low level of productivity of black gangs strengthens the conclusion that Maher did not act improperly in considering each gang's overall productivity.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Plaintiff's own statement that the previous system of assignments based upon seniority and equalization did not affect the productivity of gangs provides him no support since the relevant inquiry is the company's overall productivity, not that of individual gangs. Nor is the distinction semantic since one would expect a gang's productivity to increase with better assignments rather than to remain constant