Maureen REEL and Thomas Dullen on Behalf of Themselves and All Others Similarly Situated, Appellants–Plaintiffs,

v.

CLARIAN HEALTH PARTNERS, INC., Appellee–Defendant.

No. 49A02–0601–CV–27.

Court of Appeals of Indiana.

Oct. 18, 2006.

Ronald E. Weldy, Abrams Weldy Drummond & Huiras, Indianapolis, IN, Attorney for Appellants.

Kim F. Ebert, Dane A. Mize, Ogletree Deakins Nash, Smoak & Stewart, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Maureen Reel and Thomas Dullen (collectively "Named Plaintiffs") bring this interlocutory appeal from the trial court's order setting a hearing on Clarian Health Partners, Inc.'s ("Clarian") motion for summary judgment and granting Clarian's motion for a protective order. The Named Plaintiffs raise one issue, which we revise

and restate as whether the trial court erred by setting a hearing on Clarian's motion for summary judgment before addressing class certification.[1] We affirm.

The relevant facts follow. On July 11, 2005, the Named Plaintiffs filed a complaint against Clarian as a class action pursuant to Ind. Trial Rule 23(a) and (b)(3) on behalf of "all former employees of [Clarian] who involuntarily separated from employment with [Clarian] and were paid their PTO wages on or after July 11, 2003." Appellee's Appendix at 1. The Named Plaintiffs' complaint stated that the class "consists of hundreds of members." *Id.* The Named Plaintiffs alleged that Clarian did not timely pay the members of the class their agreed wages as required by the Wage Claims Statute, Ind.Code §§ 22–2–9. *Id.* at 2. The Named Plaintiffs served their first set of interrogatories and request for production of documents on Clarian. In September 2005, Clarian filed a motion for summary judgment and argued: (1) that members of the class who failed to file a wage claim with the commissioner of labor are precluded from bringing a direct private action under the Wage Claims Statute; and (2) that Clarian's policy does not violate the wage claims statute. Clarian also filed a motion for protective order, which requested an order "preventing Plaintiffs' counsel from conducting any discovery regarding the identity and contact information of the purported Class until such time as the Court has ruled on Defen-

dant's Motion for Summary Judgment." Appellant's Appendix at 68.

On November 10, 2005, the trial court granted Clarian's motion for protective order and set a hearing on Clarian's motion for summary judgment for December 16, 2005. The trial court entered an order, which stated in part:

> [T]he Court now having heard arguments on some of the issues on November 2, 2005 now re-sets this matter for a hearing on the Motion for Summary Judgment on the 16th day of December, 2005 at 9:00 AM for one half (1/2) hour.
>
> Further, the court finds that the Motion for Protective Order should be **GRANTED.** Therefore, the court orders that any discovery regarding the identity and contact information for the purported class is STAYED until the court has ruled on the Defendant's Motion for Summary Judgment.

*Id.* at 6.

On November 29, 2005, the Named Plaintiffs filed a motion to correct error and a motion to continue the summary judgment hearing and to compel discovery. On December 7, 2005, the Named Plaintiffs filed a motion to certify the trial court's November 10, 2005, order for appeal pursuant to Ind.App. Rule 14(B) and to stay proceedings in the trial court pending certification and appeal. On December 12, 2005, Clarian filed an objection to the Named Plaintiffs' motions to continue the summary judgment hearing, compel discovery, and interlocutory appeal.[2] Cla-

---

**1.** The Named Plaintiffs also raise the issue of "[w]hether the trial court erred by granting [Clarian]'s motion for Protective Order pursuant to Trial Rule 26." Appellant's Brief at 1. However, the Named Plaintiffs did not mention Trial Rule 26 again or develop this argument in their brief. The Named Plaintiffs' failure to develop this argument or support it with citations to authority waives this issue. *See, e.g., Loomis v. Ameritech Corp.,* 764 N.E.2d 658, 668 (Ind.Ct.App.2002) (holding

that party waived issue by failing to cite to authority and develop their argument), *reh'g denied, trans. denied.*

**2.** Clarian's objection to the Named Plaintiffs' motion for reconsideration alleged that "Clarian seeks a substantive decision on the merits only with respect to the two named plaintiffs and acknowledges that without class certification any favorable ruling by the Court on Clarian's Motion for Summary

rian argued that the Named Plaintiffs' motion to compel discovery sought "onerous and burdensome class discovery." *Id.* at 9. The trial court certified the order for interlocutory appeal and stayed the proceedings. Thereafter, we accepted jurisdiction of the interlocutory appeal pursuant to Ind. Appellate Rule 14(B).

The sole issue is whether the trial court erred by setting a hearing on Clarian's motion for summary judgment before addressing class certification. The Named Plaintiffs argue that Ind. Trial Rule 23 requires class certification to be completed prior to addressing Clarian's motion for summary judgment. "Because construction of the trial rules is a question of law, we review this issue de novo."[3] *Higgason v. State*, 789 N.E.2d 22, 27 (Ind.Ct.App. 2003) (relying on *Keene v. Elkhart County Park and Recreation Bd.*, 740 N.E.2d 893, 896 (Ind.Ct.App.2000), *reh'g denied*).

The resolution of this case depends on the interpretation of Ind. Trial Rule 23, which provides, in pertinent part:

\* \* \* \* \*

(C) Determination by order whether class action to be maintained—Notice-Judgment—Actions conducted partially as class actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court, upon hearing or waiver of hearing, shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be

altered or amended before the decision on the merits.

\* \* \* \* \*

The Named Plaintiffs argue that "Indiana law dictates that class certification is to take place prior to a ruling on the merits of a class action." Appellant's Brief at 8. The Named Plaintiffs rely on *Bowen v. Sonnenburg*, 411 N.E.2d 390 (Ind.Ct. App.1980), and *State v. Doody*, 556 N.E.2d 1357 (Ind.Ct.App.1990), *reh'g denied, trans. denied*, for this proposition. In *Bowen*, the plaintiffs filed a complaint alleging that they "were entitled to be paid for all services performed in accord with the minimum wage and overtime provisions of the Fair Labor Standards Act." *Bowen*, 411 N.E.2d at 393. The defendants filed an answer and raised affirmative defenses. *Id.* at 394. The plaintiffs filed a motion for summary judgment "in which they sought judgment that this was a proper class action; that the defendants were obligated to pay the minimum wage under the Fair Labor Standards Act … and a declaratory judgment that the plaintiffs had performed valuable services for the defendants." *Id.* at 394. "The defendants' response, among other things, questioned the propriety of a class action. In addition they moved for a partial summary judgment to the effect that the Patient's Remuneration Act provided an administrative remedy that must be utilized before a civil action could be maintained." *Id.* The trial court considered the motions for summary judgment and "determined that the plaintiffs' motion should be granted and the defendants' denied." *Id.* The trial

---

Judgment would not preclude the unnamed members of a class from bringing their own subsequent suits should they so desire and should they later comply with the requirements of I.C. § 22–2–9–4." Appellant's Appendix at 11–12.

3. Clarian appears to argue that the proper standard of review is an abuse of discretion and argues that the trial court "did not abuse its discretion in denying [the Named Plaintiffs'] Motion to Hold Clarian's Motion for Summary Judgment in Abeyance." Appellee's Brief at 23.

court then entered an order, which stated in part:

(a) the action was properly maintainable as a class action;

(b) a proper class consisted of "all patient workers who have labored in the State of Indiana institutions for the mentally handicapped or mentally retarded since the enactment of the Patient Remuneration Law (L.C.(sic) 16–13–12.8–1, et seq.);"

*Id.* Bowen brought an interlocutory appeal. *Id.*

On appeal, this court held that the trial court "erred both in its handling of the class action determination and the substantive issues decided on summary judgment." *Id.* at 395–396. We held:

[W]e must make two observations about the procedure provided by the rule for determining the class issues.

TR 23(C)(1) provides,

"As soon as practicable after the commencement of an action brought as a class action, the court, *upon hearing or waiver of hearing,* shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." (our emphasis) [4]

The companion section of the federal rule is identical except that it omits the emphasized phrase.[5] Thus, the Indiana rule not only plainly expresses a hearing requirement, but being adopted some four years after its federal counterpart, it must be presumed that the framers of our rule intended to change the consequences existing under the otherwise identical federal rule. We conclude that

unless waived by the parties, our rule requires the court to conduct a hearing upon whether the action should be permitted as a class action.

Moreover, we find this approach is supported by sound reason. What we have said so far points up the substantial questions that exist in determining the various elements necessary to proper maintenance of a class action and the significance of correctly identifying the type of class action involved. We believe that an adequate hearing is a valuable safeguard against permitting some of these critical considerations from being submerged by the overall magnitude of the issues the litigation seeks to reach. However, we reject the state's assertion that it is incumbent upon the potential class plaintiff at this hearing to establish the likelihood that it will ultimately succeed upon the merits. While some of the decisions prior to *Eisen IV* [, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974),] so held, for the purpose of allocating the burdens of giving notice, the Supreme Court in *Eisen IV* resolved the problem by placing the burden upon the party asserting class status and expressly rejecting consideration of the ultimate merits at this stage as inimical to both the purpose of subsection (C)(1) and the substantial rights of the defendant. 417 U.S. at 178, 179, 94 S.Ct. at 2152, 2153.

Secondly, and with respect to the language of the rule indicating the hearing and determination should be made "(a)s soon as practicable after the commencement of an action . . . ." we are in accord with Judge (now Mr. Justice) Stevens' comment in his dissent to *Sprogis v.*

---

**4.** Parenthetical appears in original.

**5.** The current version of Federal Rule of Civil Procedure 23(c) states: "When a person sues or is sued as a representative of a class, the court must—at an early practicable time— determine by order whether to certify the action as a class action."

*United Air Lines[, Inc.],* (7th Cir.1971) 444 F.2d 1194, 1207, *cert. den.* 404 U.S. 991, 92 S.Ct. 536, 30 L.Ed.2d 543:

> "At a minimum, this rule requires the class to be defined before the merits of the case have been decided.... A procedure which permits a claim to be treated as a class action if plaintiff wins, but merely as an individual claim if plaintiff loses, is strikingly unfair."

> This, of course, is the resultant effect in TR 23(B)(3) actions where notice and the opportunity to opt out occur after a determination on the merits. There is even a more subtle disadvantage that may affect absent class members. Apparent determinations on the merits may cause them to opt in or out of the litigation and accept or reject the adequacy of existing representation in circumstances where the apparent determination of merits is erroneous or defective but they are thenceforth committed to their chosen status as a part of the class.

*Id.* at 401–402 (footnotes omitted).

In *Doody,* the plaintiff filed a complaint containing two counts. *Doody,* 556 N.E.2d at 1359. The first count alleged that the State had unlawfully refused to pay David Doody his disability payments for the year during which he received his full salary Public Law 35 benefits. *Id.* The second count was couched in the posture of a class action and merely repeated his first count. *Id.* On the parties' cross motions for summary judgment, the trial court granted the plaintiff's motion on Count I. *Id.* The trial court also decided to hold a hearing on the plaintiff's Count II class action complaint at the request of either party. *Id.* The State appealed. *Id.*

On appeal, we addressed whether a class action may be certified after the resolution of a claim on its merits. *Id.* We held that the plaintiff's ability to bring a class action was foreclosed because the trial court had already entered a decision on the merits of the plaintiff's claim. *Id.* at 1362. Specifically, we held:

> As we stated in our recitation of the facts, [plaintiff]'s amended Count II merely restated Count I, which alleged the State had taken an illegal credit, in the language of a class action under Ind.Trial Rule 23. Class certification will not be granted after a determination on the merits of a case. *Bowen v. Sonnenburg* (1980), Ind.App., 411 N.E.2d 390, 401–02. In this case, the trial court disposed of the merits of Count II when it rendered judgment on Count I, and [plaintiff] cannot escape application of the rule merely because the class action request was contained in a separate count upon which judgment was not rendered. The trial court erred in deciding to hold a hearing on class certification after it had rendered judgment on the merits.

*Id.*

Clarian argues that *Bowen* and *Doody* are distinguishable because in those cases the plaintiffs, not the defendant, sought summary judgment on the merits prior to requesting class certification. We agree. In *Bowen* and *Doody,* we addressed a situation in which the trial court had granted the plaintiffs summary judgment and not the present situation in which the defendant moved for summary judgment prior to certification of the class and for that reason we do not find them determinative of the outcome.[6] *Bowen,* 411 N.E.2d at 394; *Doody,* 556 N.E.2d at 1359.

**6.** We note that *Doody* relied on *Bowen* for the proposition that "[c]lass certification will not be granted after a determination on the merits of a case." *Doody,* 556 N.E.2d at 1362.

■ The issue of whether a trial court can rule on a defendant's motion for summary judgment prior to certification of a class appears to be an issue of first impression in Indiana. Ind. Trial Rule 23 is based upon Federal Rule of Civil Procedure 23, and it is appropriate for courts to look at federal court interpretations of the federal rule when applying the Indiana rule.[7] *In re Tina T.*, 579 N.E.2d 48, 55 (Ind.1991).

We first turn to *Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir.1974), which was cited in *Peritz* for the proposition that "the Third Circuit has held that a defendant may expressly waive the one-way intervention protection of 23(c) and thereby postpone determination and notice until after resolution of the merits." *Peritz*, 523 F.2d at 354 n. 4. In *Katz*, the Third Circuit held:

> In *Bowen*, we noted that in *Peritz v. Liberty Loan Corp.*, 523 F.2d 349 (7th Cir.1975), the Seventh Circuit adopted Judge Stevens's dissent in *Sprogis. See Bowen*, 411 N.E.2d at 401 n. 14.
>
> In *Peritz*, the plaintiffs affirmatively sought resolution on the merits prior to certification. *Peritz*, 523 F.2d at 354. However, we find *Peritz* illustrative of the distinction between a plaintiff bringing a motion for summary judgment and a defendant bringing such a motion. The court concluded that the plaintiffs "effectively precluded any class certification in this case" by seeking resolution on the merits prior to certification and remanded with instruction to vacate the order of certification of the class and to proceed with the individual claims of the named plaintiffs. *Id.* at 354–355. Significantly, however, the court also noted:
>
>> We need not decide whether in all cases Rule 23(c) would bar certification subsequent to a decision on the merits. We do note that the Third Circuit has held that a defendant may expressly waive the one-way intervention protection of 23(c) and thereby postpone determination and notice until after resolution of the merits, *Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir.1974), Cert. denied, 419 U.S. 885, 95 S.Ct. 152, 42

If a class action defendant insists upon early class action determination and notice, he is, under the rule, entitled to it. But where he makes a nonfrivolous claim that his business will be harmed or disrupted by the notice, and is willing to run the risk that the determination of liability, if he loses, will be given effect in favor of the class, with notice in the event of such determination, the district court must seriously consider that alternative, and should, absent other compelling circumstances, pursue that course. A defendant taking such a position would, of course, be deemed to have waived any seventh amendment right to a unitary trial before a single jury on all issues, and would realize that the statute of limitations was tolled in favor of the class. We would lose, as well, the collateral

> L.Ed.2d 125 (197[4]), and that the Fifth Circuit may have at least Sub silentio indicated that a defendant who seeks summary judgment without first seeking class determination may thereby waive objection to a class certification after a ruling on his motion, at least where plaintiff has taken no affirmative action other than to defend against the motion. *Partain v. First National Bank of Montgomery*, 336 F.Supp. 65 (M.D.Ala.1971), Rev'd, 467 F.2d 167 (5th Cir.1972), Class certified on remand, 59 F.R.D. 56 (M.D.Ala.1973). See also *Haas v. Pittsburgh National Bank*, 381 F.Supp. 801, 802–06 (W.D.Pa.1974)[, *aff'd in part, rev'd in part on other grounds* by 526 F.2d 1083 (3d. Cir.1975)].
>
> *Id.* at 354 n. 4.

7. Federal Rule of Civil Procedure 23(c) was amended in 2003. The amendment replaced the requirement that the court determine whether to certify a class "as soon as practicable after commencement of an action" with a requirement that the court make such a determination "at an early practicable time." The cases interpreting Federal Rule of Civil Procedure 23 relied on in this case to interpret Ind. Trial Rule 23 were decided prior to the 2003 amendment.

estoppel effect against the class of a favorable judgment on liability.

*Katz,* 496 F.2d at 762.

The United States Supreme Court addressed Federal Rule of Civil Procedure 23 in the same year that the Third Circuit handed down *Katz.* In *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), the petitioner filed a class action on behalf of himself and other traders on the New York Stock Exchange. *Eisen,* 417 U.S. at 159, 94 S.Ct. at 2144. The complaint charged defendants with violations of the antitrust and securities laws and demanded damages for petitioner and his class. *Id.* The district court decided to impose the cost of notifying the class of the action on the defendants if the petitioner could show a strong likelihood of success on the merits and it scheduled a preliminary hearing on the merits to facilitate that determination. *Eisen,* 417 U.S. at 168, 94 S.Ct. at 2148. After the hearing, the district court issued an opinion and order ruling that petitioner was more than likely to prevail at trial and that respondents should bear 90% of the cost of notice. *Id.* On appeal, the United States Supreme Court found that the district court had erroneously interpreted Federal Rule of Civil Procedure 23 to authorize a hearing on the merits as part of the determination whether a suit may be maintained as a class action. *Id.* at 177, 94 S.Ct. at 2152. The Court held that Federal Rule of Civil Procedure 23 "was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit." *Id.* 176, 94 S.Ct. at 2152. The Court also held:

> We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it. He is thereby allowed to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained. This procedure is directly contrary to the command of subdivision (c)(1) that the court determine whether a suit denominated a class action may be maintained as such "(a)s soon as practicable after the commencement of (the) action . . . ."

*Id.* at 177–178, 94 S.Ct. at 2152.

Federal courts have addressed the holding in *Eisen* in different contexts. In *Haas v. Pittsburgh National Bank,* 381 F.Supp. 801 (W.D.Pa.1974), aff'd in *part,* rev'd in *part* on other *grounds* by 526 F.2d 1083 (3d. Cir.1975), plaintiffs brought a class action that challenged the "defendant national banks' computation of the interest service charge on goods and services purchased using credit cards issued by the banks." *Haas,* 381 F.Supp. at 802. The parties filed cross motions for summary judgment. *Id.* The district court addressed the "propriety of passing upon a motion for summary judgment prior to sending out class notice." *Id.* The district court addressed whether the Court in *Eisen* "ruled sub silentio that any consideration of the merits of a case was impermissible prior to a class determination and/or the sending out of notice to the class." *Id.* at 802–803. The district court held:

> I rule here, as I have ruled previously, that a district court may consider the merits of a plaintiff's case in an action denominated as a class action by ruling upon a motion for summary judgment (or a motion to dismiss) prior to ruling

upon a motion for class determination or requiring that notice be sent to the class, once a class has been determined. Nothing in either the *Eisen* decision nor Rule 23 itself precludes such a result. *Id.* at 803. The court also recognized that "[t]he precise question upon which the *Eisen* court ruled was whether a district court could conduct a preliminary mini-hearing on the merits of a class action in order to apportion the costs of notice." *Id.* at 805. The court also held:

The strongest argument in favor of the proposition that the Supreme Court in *Eisen* meant to rule that no consideration of the merits of a nominal class action could take place until both class certification and notice to the class had been accomplished springs from the following language in the case: 'Rule (23) was intended to insure that the judgment, whether favorable or not, would bind all class members who did not request exclusion from the suit.' *Eisen* at 176, 94 S.Ct. at 2152. The reasoning is the only [sic] where a decision on the merits has been preceded by both class certification and notice to the class can it be absolutely certain that the defendant will no longer be subject to liability from any potential class member on the same issue. See in this regard the en banc of the Third Circuit Court of Appeals in *Katz v. Carte Blanche*, supra.

Upon consideration of the issue it seems to me that the converse of the argument above embodies the more persuasive reasoning; that is, given the minimal risk to which the defendant may be exposed, the court should not be required to engage in vain and useless effort merely for the sake of form. This is especially true, where, as here, the defendants themselves have moved for summary judgment, thus expressly pinning their hopes on stare decisis and the fundamental principle that the appellate process serves to protect all litigants from an incorrectly granted judgment. The defendants, by moving for summary judgment prior to the sending out of class notice, thereby assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between them and the prospective onrush of litigants. Certainly a judgment for the plaintiff would subject them to unfortunate consequences as to the liability phase of the case, but, assuming that the judgment is correctly granted, this would seemingly not change their initial willingness to be bound. On the other hand, a correctly granted judgment for the defendant would protect both the parties and the court from needless and costly further litigation.

What is being discussed here is not the ability of the court to assume at any stage of class action litigation that either side will prevail on the merits, but rather the timing of and the very ability of the court to decide the merits of the case as a matter of law where there are no issue of fact in controversy. It would be illogical and unreasonable in the extreme to bind the court to a position where its freedom to consider the issues before it is needlessly restricted by a technical, pro forma approach to decisionmaking.

When it is considered that notice to the class, at least where it goes to customers of a commercial defendant, may carry with it an almost inescapable connotation of wrongdoing (*see Katz v. Carte Blanche, supra*) it becomes readily apparent that to require that notice to the class always precede consideration of the merits would be to unfairly weight the mechanism of Rule 23 to the advantage of plaintiffs by increasing the set-

tlement value of any suit filed as a class action, no matter how meritless the action may eventually be found to be. The avoidance of undue advantage to one side or the other because of technical or procedural happenstance has been, and must continue to be the cornerstone of an impartial federal judiciary. Thus, for all of the reasons stated above, I hold that a district court may pass upon a motion for summary judgment prior to passing upon a motion for class determination or requiring that notice be sent to an already certified class, and I will do so here.

*Id.* at 805–806.

In *Postow v. OBA Federal Sav. and Loan Ass'n,* 627 F.2d 1370 (D.C.Cir.1980), the Court of Appeals for the District of Columbia cited *Haas* for the proposition that "[o]ther courts have expressly held that a defendant may waive the protections Rule 23(c) offers and elect to have the merits decided before the class certification question and before notice is sent to the class when, as here, the defendant moves for summary judgment before resolution of the certification issue." *Postow,* 627 F.2d at 1382. The court found the reasoning of *Katz* and *Haas* instructive and held:

The *Haas* court noted, for example, that the strongest argument for construing *Eisen* to preclude post-judgment class certification is that prejudgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, "the defendants ... assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only

the slender reed of stare decisis stands between them and the prospective onrush of litigants." *Haas,* supra, 381 F.Supp. at 805.

More recent Supreme Court decisions have provided for appeal of a Rule 23(b)(3) class certification denial after a decision on the merits of an action. A necessary corollary to those cases is that if the denial of the class certification is reversed and remanded, the class may be certified after the entry of judgment. Those cases therefore demonstrate the Court's tolerance for allowing, in appropriate circumstances, potential class members the option of joining an action after the trial court has passed on the merits of the basic claim.

*Id.*

In *Ahne v. Allis–Chalmers Corp.,* 102 F.R.D. 147 (E.D.Wis.1984), the plaintiffs, all participants or beneficiaries of a salaried employees' termination pay plan, filed a complaint that alleged principally that the defendant employers acted with malice and in bad faith by making termination payments based not on established base salaries but on plaintiffs' temporarily-reduced salaries. *Ahne,* 102 F.R.D. at 147. Plaintiffs claimed that the "alleged violation of the termination pay plan constitute[d] a breach of contract and a wrongful deprivation of compensation and severance pay, actionable under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq."* *Id.* The defendants sought dismissal of the complaint on its merits and the plaintiffs contended that they should be permitted to file their motion for certification of the class prior to any resolution of the substantive issues. *Id.* at 148. On appeal, the court pointed out that the Seventh Circuit in *Peritz* "explicitly reserved judgment on the precise issue now before this Court-namely, whether a class determination can be de-

layed until after a decision on the merits when the defendant voluntarily waives the right to an early certification ruling." *Id.* at 149. The court cited *Katz, Postow,* and *Haas* and held:

> The upshot of all this is that while the general rule against pre-certification review of the merits of a case remains the touchstone for resolving disputes like the present, the courts have carved out a limited exception for those defendants willing to forego the protections attendant on early determination of the class issue. That exception, which the Court finds wholly applicable to this case, allows the defending party to exercise its option to waive the safeguard of res judicata implicit in Rule 23's requirement that the class question be addressed "[a]s soon as practicable after the commencement of an action." The risk to the defendant is, of course, that if he loses on the liability issue, that result will be given effect as to a class of yet undefined numbers and composition; if he wins, he may still face subsequent prosecution by other potential class members whose claims might be barred only under the limited scope of the stare decisis doctrine.

> Notwithstanding this double-edged gamble, the defendants in this case have offered to waive the protection against one-way intervention "in order to expedite the litigation and potentially save the parties and the court substantial time and expense." Letter of Stanley Weiner at 4 (March 23, 1984). In support of their position, defendants argue that an early decision on the merits of this case would promote prosecutorial and defense-related economy by focusing the attention of the parties at this initial stage on the substantive issues raised in plaintiffs' complaint. Thereafter, if this Court grants summary judgment in favor of the defendants, "all

parties will have benefited from a delay in class discovery and the briefing of class determination issues, . . . saving . . . considerable time and expense. . . ." Letter of Stanley Weiner at 2 (March 23, 1984). At the same time, if defendants' motion for summary judgment is denied or plaintiffs' motion with respect to some of their claims is granted, the litigation will simply proceed to the class determination stage, absent any inordinate prejudice to either side.

*Id.* at 151.

In *Wright v. Schock,* 742 F.2d 541 (9th Cir.1984), Henry and Helen Wright brought an action on behalf of themselves and 2,500 similarly situated parties alleging violations of federal and state securities laws and common law fraud in connection with their purchase of promissory notes offered by Golden State Home Loans ("GSHL"). *Id.* The Wrights named as defendants the sole shareholders of GSHL, sixty-three other individuals bearing various relationships to the acts alleged in the complaint, and three banks and nine title companies. *Id.*

The banks and title companies filed "motions for dismissal or summary judgment on two separate and independent grounds." *Id.* They contended that the transactions between the Wrights and GSHL did not involve the purchase or sale of "securities" within the meaning of the federal securities laws and that the district court, therefore, lacked subject matter jurisdiction over the action. *Id.* They further contended that even if the subject transactions were found to involve securities, as a matter of law no securities liability could attach to the involvement of the title company and bank defendants in these transactions. *Id.* The Wrights filed their own motion for partial summary judgment, asking the district court to find

as a matter of law that the transactions in question involved securities within the reach of the federal securities laws. *Id.*

The district court declined to grant summary judgment on the issue of whether the investments were "securities" under federal law. *Id.* The district court also ruled that the bank and title company defendants were entitled to summary judgment on the issue of liability. *Id.* The plaintiffs had filed a timely motion for class certification; but the district court, with the acquiescence of the defendants, made no ruling thereon prior to granting summary judgment. *Id.* at 543. On appeal, the Ninth Circuit addressed the issue of "whether it was proper for the district court to order summary judgment on the liability question without first ruling on class certification." *Id.* The Ninth Circuit held:

> According to Fed.R.Civ.P. 23(c)(1), the district court must rule on the issue of class certification "[a]s soon as practicable after the commencement of an action brought as a class action...." The [plaintiffs] contend that this language requires the district court to decide the class certification issue before making any rulings on the merits. The history of Rule 23, however, shows that its framers considered and rejected a provision imposing just such a requirement. *See* Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts,* 34 F.R.D. 325, 386 (1964); *cf.* Committee on Federal Rules of Civil Procedure, *Judicial Conference–Ninth Circuit* (Second Supplemental Report), 37 F.R.D. 499, 522 (1965). The key word of section (c)(1) in its final form is "practicable," a term that deliberately avoids a mechanical approach and calls upon judges "to weigh the particular circumstances of particular cases and decide concretely what will work...." Frankel, *Some Preliminary Observations Concerning Civil Rule 23,* 43 F.R.D. 39, 40 (1968). In short, the language of section (c)(1) "leaves much room for discretion." *City of Inglewood v. City of Los Angeles,* 451 F.2d 948, 951 (9th Cir.1971); *see* 7A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1785, at 116 (Supp.1984); 6 *Fed.Proc.L.Ed.* § 12:180 (1982).

Although this court has never discussed a situation in which the district court has granted summary judgment to the defendant before ruling on class certification, it has expressed its approval where the district court granted a dismissal. *See Boyle v. Madigan,* 492 F.2d 1180, 1182 (9th Cir.1974). This court has tacitly followed *Boyle* in several more recent opinions involving dismissals. *See Isham v. Pierce,* 694 F.2d 1196 (9th Cir.1982); *Halet v. Wend Investment Co.,* 672 F.2d 1305 (9th Cir.1982); *Montgomery v. American Airlines, Inc.,* 637 F.2d 607 (9th Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). Moreover, several other circuit courts have affirmed summary judgment for a defendant where no ruling has been made as to the class. *See, e.g., Project Release v. Prevost,* 722 F.2d 960, 963 & n. 2 (2d Cir.1983); *Pharo v. Smith,* 621 F.2d 656, 663–64 (5th Cir.[1980] ), *on rehearing aff'd in part, remanded in part on other grounds,* 625 F.2d 1226 (1980); *Vervaecke v. Chiles, Heider & Co.,* 578 F.2d 713, 719–20 (8th Cir.1978); *Crowley v. Montgomery Ward & Co.,* 570 F.2d 877, 879 (10th Cir.1978); *Acker v. Provident National Bank,* 512 F.2d 729, 732 n. 5 (3d Cir. 1975). These cases are consistent with the language of Rule 23(c)(1) calling for a class determination "as soon as practi-

cable." They demonstrate that the timing provision of Rule 23 is not absolute. Under the proper circumstances-where it is more practicable to do so and where the parties will not suffer significant prejudice-the district court has discretion to rule on a motion for summary judgment before it decides the certification issue.

\* \* \* \* \*

Under these circumstances, we cannot say that the course chosen by the district court manifested an abuse of discretion. It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation. *See Haas v. Pittsburgh National Bank*, 381 F.Supp. 801, 805–06 (W.D.Pa.1974), *aff'd in part and rev'd in part on other grounds*, 526 F.2d 1083 (3d Cir.1975); Note, *Reopening the Debate: Postjudgment Certification in Rule 23(b)(3) Class Actions*, 66 Cornell L.Rev. 1218, 1240–41 (1981) (hereinafter cited as *Postjudgment Certification*).

This might be a different case if the defendants had not consented to the chosen procedure; for as the matter now stands, defendants have prevailed only against the named plaintiffs. These individuals or class members remain free to assert any claims they may have against the bank and title company defendants. This type of potential disadvantage to defendants has prompted some courts to hold that no decision on the merits of a class action can precede a determination on class certification. *See, e.g., Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 273–75 (10th Cir.1977); *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 352–54 (7th Cir.1975). These cases, however, leave open the question presented by the case at hand:

whether a defendant may waive the protection afforded by an early ruling on class certification. *See Peritz*, 523 F.2d at 354 n. 4. Several courts have in fact permitted such a waiver. *See, e.g., Postow v. OBA Federal Savings and Loan Ass'n*, 627 F.2d 1370, 1380–84 (D.C.Cir. 1980); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 757–62 (3d Cir.) (en banc), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); *Izaguirre v. Tankersley*, 516 F.Supp. 755, 756–57 (D.Ore.1981). We believe this to be the proper approach. Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first.

*Id.* at 543–544.

■ We find the reasoning of *Katz, Haas, Postow, Ahne,* and *Wright* persuasive and applicable to this case. The Named Plaintiffs only argue that "one of the primary reasons for determining class certification prior to making any decision on the merits is to protect the potential class members whose rights could be affected by this class action lawsuit" and that "[a] decision on the merits of this action could result Employees [sic] losing their right to pursue class certification." Appellant's Brief at 10.

■ Under the circumstances, we cannot say that the trial court's order fails to protect potential class members or precludes them from pursuing class certification. When Clarian moved for summary judgment, it abandoned reliance on the preclusive effect of the judgment with respect to absent members of the class and cannot complain about either the treatment of the case as an individual action or the one way intervention that will result if

the class should be certified at a later time.[8] If the trial court grants Clarian's motion for summary judgment, Clarian is not protected by res judicata from suits by potential class members. *See Roberts v. American Airlines, Inc.*, 526 F.2d 757, 762–763 (7th Cir.1975) (citing *Haas* and holding that "the defendants, by moving for summary judgment prior to the class determination and the sending out of class notice, assumed the risk that a judgment in their favor would not protect them from subsequent suits by other potential class members"), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). If the trial court denies Clarian's motion for summary judgment, the Named Plaintiffs could still seek certification of the class. *See Ahne*, 102 F.R.D. at 151 (holding that the risk to the defendant is that if he loses, "that result will be given effect as to a class of yet undefined numbers and composition").

Thus, we conclude that Ind. Trial Rule 23 does not preclude the trial court from hearing Clarian's motion for summary judgment before addressing the certification of the class.[9] *See Christensen v. Kiewit–Murdock Investment Corp.*, 815 F.2d 206, 214 (2d Cir.1987) (holding that the district court did not abuse its discre-

tion when it reserved decision on plaintiff's class certification motion pending disposition of appellees' motions to dismiss the amended complaint and holding that "[i]n any particular case, such procedure may or may not be appropriate depending on the complexity of the legal or factual issues raised by the motion to certify. In light of the breadth of the class appellants sought to certify, and in light of the absence of any showing that the court abused its discretion, we hold that the court did not abuse its discretion in reserving decision on the motion to certify pending the outcome of the motions to dismiss"), *cert. denied*, 484 U.S. 908, 108 S.Ct. 250, 98 L.Ed.2d 209 (1987).

For the foregoing reasons, we affirm the trial court's order.[10]

We affirm.

NAJAM, J., and ROBB, J. concur.

---

8. On appeal, Clarian states that it "realizes, and accepts, that by seeking adjudication on the merits prior to class certification that any favorable decision will not be binding on potential class members should they subsequently bring individual or class claims against Clarian." Appellee's Brief at 18. Clarian also states that it "bears all the risk in proceeding in this manner." *Id.* at 23.

9. On appeal, Clarian argues that "[a]lthough Clarian's argument that members of the purported class who have not filed a wage claim with the Commissioner of Labor lack standing to be plaintiffs in this lawsuit was brought as part of their Motion for Summary Judgment, this argument does not go to the merits and would be more properly characterized as a Rule 12(B) motion." Appellee's Brief at 15.

Clarian also argues that this argument is "an issue that the Trial Court is not only permitted to address prior to class certification, but rather, it is an issue that the Trial Court must resolved [sic] prior to class certification." Because we conclude that the trial court did not err by setting a hearing on Clarian's motion for summary judgment before addressing the certification of the class, we need not address Clarian's arguments at this time.

10. We remind the parties that we have not decided any of the merits of the Named Plaintiffs' claims nor the potential success of the arguments. We have only resolved whether the trial court could address Clarian's motion for summary judgment before completing class certification.