**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OK HEE PARK, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> AXA EQUITABLE LIFE INSURANCE COMPANY, et. al., <br><br> Defendants - Appellees. | No. 23-55130 <br><br> D.C. No. 8:22-cv-00761-SPG-DFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted March 9, 2026[**]
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[***]

Appellant Ok Hee Park appeals the district court's grant of summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

judgment on her individual claims, and dismissal of her class-based claims. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, *Pavoni v. Chrysler Grp., LLC,* 789 F.3d 1095, 1098 (9th Cir. 2015), and the decision to grant summary judgment prior to deciding a motion for class certification for abuse of discretion, *see Wright v. Schock,* 742 F.2d 541, 543–44 (9th Cir. 1984). We affirm.

There is no genuine issue of material fact concerning Park's breach of contract claim. Defendants paid Park the policy's full death benefit, plus applicable interest, less any unpaid premiums. Contrary to Park's arguments, Defendants were "entitled to deduct the unpaid premium payment" for the entire grace period, even if they extended the grace period beyond 60 days. *McHugh v. Protective Life Ins. Co.*, 494 P.3d 24, 36 (Cal. 2021).

Furthermore, Defendants were not required to pay Park a higher interest rate, because the contract only "guarantee[d] interest . . . at the rate of 3% a year." *See* Cal. Ins. Code § 10172.5(a) ("Notwithstanding any other provision of law," an insurer must pay interest "at a rate not less than the then current rate of interest on death proceeds left on deposit with the insurer computed from the date of the insured's death."). Park argues that if no interest rate as contemplated by Section 10172.5 is present in the policy, then the insurer must pay interest at 10% pursuant to Cal. Civ. Code Section 3289. However, California Civil Code § 3289 does not

2

govern because the contract here "stipulate[s] a legal rate of interest." And although the contract states that Defendants "may raise [the] guaranteed rates," Park points to nothing in the record that would suggest Defendants in fact exercised the option to voluntarily raise the rates, or that they calculated the reimbursement incorrectly. A reasonable juror therefore could not find that Defendants breached the contract. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (a party moving for summary judgment is not required to submit "materials *negating* the opponent's claim") (emphasis in original).

Nor is there a genuine issue of material fact concerning Park's bad faith claim. A reasonable investigation before the payment of policy benefits, like the five-month investigation here, does not constitute bad faith. *See Blake v. Aetna Life Ins. Co.*, 99 Cal. App. 3d 901, 919, 924 (Cal. Ct. App. 1979) (reasonable investigation that lasted 16 months was not bad faith).

Park's financial elder abuse, declaratory relief, and unfair competition claims fail for the same reasons as the breach of contract and bad faith claims. *See Paslay v. State Farm Gen. Ins. Co.*, 203 Cal. Rptr. 3d 785, 798 (Cal. Ct. App. 2016) (rejecting elder abuse claim where bad faith claim failed); *Fox Paine & Co., LLC v. Twin City Fire Ins. Co.*, 325 Cal. Rptr. 3d 173, 186-187 (Cal. Ct. App. 2024) (denying request for declaratory relief in insurance case where no "actual controversy" existed); *State Farm Fire & Cas. Co. v. Jarrell*, No. D038185, 2002

3

WL 49772, at *4-5 (Cal. Ct. App. Jan. 15, 2002) (affirming dismissal of a claim for injunctive relief under California Unfair Competition Law when insurer did not engage in continuing unlawful practice).[1]

Because Park's individual claims fail, the district court did not err in dismissing Park's class-based claims too. *Corbin v. Time Warner Ent.-Advance/Newhouse P'ship*, 821 F.3d 1069, 1085 (9th Cir. 2016) ("If the [] claim is without merit as applied to [the individual], it follows that the district court need not inquire as to whether that meritless claim should form the basis of a class action.").

**AFFIRMED.**

---

[1] The district court had jurisdiction to decide Park's case on the merits. Defendants had yet to finish their investigation and pay out the death benefit at the time Park filed her complaint, so looking at the time the "complaint [was] filed," Park had standing to bring all her claims. *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001), *as amended* (Aug. 15, 2001). Park's claims are not moot either, because even if injunctive relief is not a viable form of relief for Park's claims, restitution is also available under the California Unfair Competition Law. *See Cal–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 179 (1999). "As long as the parties have [that] concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307–08 (2012) (internal quotation marks and brackets omitted). We do not have an "independent obligation to assess equitable jurisdiction" because the lack of equitable jurisdiction does not deprive us of subject matter jurisdiction, so Park forfeited her challenge to equitable jurisdiction by failing to raise it in her opening brief. *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 916 (9th Cir. 2025).