James A. MONTGOMERY, on behalf of himself and all others similarly situated, Plaintiff-Appellant,

v.

AMERICAN AIRLINES, INC., a corporation, Defendant-Appellee.

No. 78–2608.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 1980.

Decided July 28, 1980.

Certiorari Denied Feb. 23, 1981.

See 101 S.Ct. 1368.

* Honorable Samuel P. King, Chief United States District Judge, District of Hawaii, sitting by designation.

Lloyd Edward Tooks, San Diego, Cal., for plaintiff-appellant.

Donald D. Connors, Jr., Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant-appellee.

Before ELY and WALLACE, Circuit Judges, and KING,* District Judge.

SAMUEL P. KING, Chief Judge:

This is an appeal from the action of the district court, on cross motions for summary judgment, granting judgment in favor of Appellee American Airlines, Inc. (defendant below) and against Appellant James A. Montgomery (plaintiff below).

The district court based its action on the grounds that (1) the action was barred under the doctrine of *res judicata*, and (2) that the complaint failed to state a cause of action upon which relief could be granted. We affirm on the latter ground.

Appellant Montgomery's complaint was filed on September 15, 1977, as a class action on behalf of himself and all individuals who purchased scheduled domestic air transportation from Appellee American Airlines, Inc., during the preceding two years. He alleged that American's practice of granting free and reduced rate transportation to certain officers and employees of two wholly-owned subsidiaries of American, violates Sections 403(b) and 404(b) of the Federal Aviation Act, 49 U.S.C. §§ 1373(b) and 1374(b), and regulations promulgated thereunder by the Civil Aeronautics Board, 14 C.F.R. ¶ 223.1, *et seq.* The complaint prayed for $2,000,000,000 (two billion dollars) in damages, calculated as the difference between the fares paid by all of American's air passengers for a two-year period and the free or reduced rates granted to

American's subsidiary's employees. American moved for summary judgment on the grounds of failure to state a claim upon which relief could be granted, *res judicata*, and estoppel. Montgomery filed a cross-motion for summary judgment. No class has ever been certified.

Montgomery is a Skycap at San Francisco International Airport. He works for a firm called Allied Aviation Maintenance Service Company of California. His employer assigns Montgomery to attend to passengers of American. Montgomery is also the founder and president of the National Association of Skycaps, Incorporated (NASCAP).

American grants free and reduced-rate air transportation to its employees, some of whom are skycaps. American has on file with the CAB its regulations governing entitlement to passes. These regulations specifically provide for the granting of passes to employees paid by certain subsidiary corporate entities, and have so provided for the past 36 years. American takes the position that its practice with respect to free and reduced-rate transportation is permitted by Section 403(b) of the Federal Aviation Act, 49 U.S.C. § 1373(b), and regulations promulgated thereunder, 14 C.F.R. ¶ 223.1, *et seq.* On September 19, 1974, Montgomery, acting for NASCAP, wrote to American demanding the same pass privileges for all Skycaps servicing the airline as were granted to employees of American. Part of his letter defines the dispute as follows:

Skycaps who are directly employed by the airlines now have this privilege [of obtaining free or reduced-rate air transportation] as part of their fringe benefit package with their airline employer. Those skycaps employed by contractors, performing the same service as airline Skycap employees do not have pass privileges and must defray the full costs of all air transportation.

In our opinion, this is a blatant act of job discrimination. It is our analogy that Skycaps perform the same service to airlines, regardless of the employer, and therefore should be entitled to the same privileges.

American replied that it could not issue passes as requested by NASCAP because the Federal Aviation Act did not permit the issuance of passes to employees of independent contractors.

On August 26, 1975, NASCAP filed suit in the United States District Court for the Central District of California, asserting that American's refusal to grant passes to members of NASCAP was "unjust discrimination" in violation of Section 404(b) of the Federal Aviation Act, 49 U.S.C. § 1374(b). *NASCAP, Inc. v. American Airlines, Inc.,* No. CV–75–2872–HP. On April 12, 1977, this action was dismissed on the ground that primary jurisdiction of a claim of discrimination based on the contents of an airline regulation is with the Civil Aeronautics Board. No appeal was taken from this dismissal.

Shortly thereafter, the action of *Complaining Skycaps v. American Airlines, Inc.,* CAB No. 30881, was filed with the Civil Aeronautics Board. This action also alleged unjust discrimination in violation of Section 404(b) of the Federal Aviation Act, 49 U.S.C. § 1374(b). On January 6, 1978, the CAB dismissed the action on the ground that the Complaining Skycaps' disagreement with American was a private labor dispute over a fringe benefit and not an unjust discrimination cognizable under the Federal Aviation Act. No appeal was taken from this dismissal.

While the CAB action was pending, and during the morning of August 25, 1977, Mr. Montgomery took a round-trip flight on an American Airlines plane between San Diego and Los Angeles for the specific purpose of laying the evidentiary basis for a class action. This action was then filed in the United States District Court for the Southern District of California. Summary judgment for American was entered on May 24, 1978.

Section 404(b) of the Federal Aviation Act, 49 U.S.C. § 1374(b), does not by its terms provide a private right of action for damages. Nevertheless, such a private right of action has been implied under vari-

ous circumstances. The factors which must be considered in determining whether a private remedy for damages is implicit in a statute have been enunciated by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Four factors are set forth.

1. Does the statute intend to protect this class of person from this harm?

2. Did the legislature indicate any intent to create or deny a private remedy?

3. Would the private remedy be consistent with the legislative goals?

4. Is the cause of action one traditionally left to state law?

As applied to the Federal Aviation Act, clearly Plaintiff as a passenger is within the class of persons intended to be protected, the Congress did not express any intent as to a private remedy for damages, and a cause of action based on Section 403(b) of the Federal Aviation Act and applicable CAB regulations is not one traditionally left to state law. Difficulties arise when considering whether the harm complained of is of the type intended to be protected against under Section 404(b) of the Federal Aviation Act, and whether a private remedy in this special situation is consistent with the legislative goals. To resolve these difficulties, it is necessary to take a closer look at Mr. Montgomery's claim of discrimination.

Section 403(b)(1) of the Federal Aviation Act, 49 U.S.C. § 1373(b)(1), as amended, specifically permits free or reduced-fare rates under certain circumstances. The relevant statutory language reads as follows:

> Nothing in this chapter shall prohibit . . . air carriers or foreign air carriers, under such terms and conditions as the Board may prescribe, from issuing or interchanging tickets or passes for free or reduced-rate transportation to their directors, officers, and employees (including retired directors, officers, and employees who are receiving retirement benefits from any air carrier or foreign air carrier) . . . ; and, in the case of overseas or foreign air transportation, to such other persons and under such other circumstances as the Board may by regulations prescribe.

By regulations promulgated by the CAB in this regard "[a]ny carrier engaged in overseas or foreign air transportation may provide free or reduced rate overseas or foreign air transportation" to, among others, "[d]irectors, officers, and employees and members of their immediate families, of any affiliate of such carrier, the name of which affiliate currently is included in the list of affiliates filed by such carrier pursuant to § 223.7 . . .." 14 C.F.R. § 223.-2(b)(1). An "affiliate" is defined in 14 C.F.R. § 223.1 and the definition implicitly includes corporate subsidiaries of air carriers.

Montgomery argues that, when read together, the statute and the regulations do not permit the granting of free or reduced-rate domestic air transportation to directors, officers, and employees of affiliates of air carriers. He relies in part on an opinion letter by the General Counsel of the CAB, which states:

> Neither the Act nor the Board's regulations authorize free or reduced-rate interstate transportation for the officers, directors, or employees of affiliates of air carriers. Section 403(b) of the Act limits free and reduced rates in interstate air transportation to certain named classes of persons, including employees of air carriers, but not employees of air carrier affiliates . . . ..

> It may be noted that section 403(b) authorizes the Board to expand the scope of free and reduced-rate transportation in overseas and foreign air transportation and section 223.2(b)(1) of the Board's Economic Regulations (14 C.F.R. § 223.-2(b)(1)) permits carriers to provide free and reduced-rate overseas and foreign air transportation to employees of its affiliates. As indicated above, however, it does not authorize free or reduced-rate *interstate* transportation for such persons . . . ..

A similar question has been the subject of correspondence between the CAB and American. On August 10, 1976, Mr. James W. Greene, Chief of the Tariffs Section of

the CAB, wrote to American requesting, among other things, the "basis for including Sky Chefs in the definition of *Company* in your free and reduced-rate manual." The letter went on to state that "If Sky Chefs qualifies only as an 'affiliate' of American then pass privileges for Sky Chefs personnel must be restricted as required by Part 223.2(b)(1)". In a later letter, Mr. Greene specifically advised American that "employees of subsidiaries can only be given free and reduced-rate *overseas* and *foreign* air transportation". Mr. Greene referenced CAB Order 72–3–76 denying an application by World Airways, Inc., requesting permission to provide free or reduced-rate domestic air transportation to employees of World Air Center, a wholly-owned subsidiary of World Airways, Inc.

The foregoing exposition makes it clear that Montgomery is really alleging that American is in violation of Section 403(b) of the Federal Aviation Act (and regulations promulgated in connection therewith). This is another aspect of the same complaint that was made in *NASCAP, Inc. v. American Airlines, Inc.* in the Central District of California. The issue remains the scope and validity of American's regulations on file with the CAB relating to free and reduced-rate domestic air transportation for directors, officers, and employees.

*Danna v. Air France*, 463 F.2d 407 (2d Cir. 1972) makes the distinction between a claim that a filed tariff is either unreasonable in amount or unduly discriminatory in effect, and a claim that a carrier has violated its own filed tariff or established transportation custom. The former claim is within the primary jurisdiction of the CAB. The latter claim does not require prior CAB action. The rationale for this distinction, as elucidated in *Danna*, equates primary jurisdiction of the CAB with the legislative goals sought to be achieved by the Federal Aviation Act.

Montgomery's claim that American's free or reduced-rate domestic air fare regulations are invalid or discriminatory is the kind of claim described in *Danna* as requiring a prior CAB determination. Independently of CAB action, there is no right which the court may enforce.

The judgment of dismissal is AFFIRMED.