## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Apr 25 2016, 5:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Malcolm Williams
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Malcolm Williams,

*Appellant-Plaintiff,*

v.

Marion Thatcher,

*Appellee-Defendant.*

April 25, 2016

Court of Appeals Case No.
49A02-1507-PL-952

Appeal from the Marion Superior
Court.
The Honorable Cynthia J. Ayers,
Judge.
Cause No. 49D04-1502-PL-5005

### Friedlander, Senior Judge

[1] After Malcolm Williams filed a pro se complaint for declaratory judgment and injunctive relief, and a motion for class certification, against Marion Thatcher, in his official capacity as the Unit Team Manager of the Honors Unit of the correctional facility in which Williams was incarcerated, and cross motions for

summary judgment had been considered, the trial court denied Williams the relief he requested, which was based upon the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In this appeal, we are asked to determine whether the trial court erred by denying Williams the relief he requested. Finding once again that the incentivization programs instituted by the Department of Correction for the purpose of granting additional privileges to eligible inmates does not violate the United States Constitution, we affirm.

In 2011, Williams was sentenced to an aggregate term of seventy-five years executed in the Department of Correction for his convictions of murder and Class A felony attempted murder. Williams has been incarcerated at the Indiana State Prison in Michigan City since June 3, 2011.

The ISP is a Level 4 maximum security facility capable of housing more than 2,200 inmates, in addition to those housed in its minimum security unit. The maximum security unit, in which Williams was housed, houses offenders "with very long sentences and/or individuals convicted of violent crimes." Appellee's Br. p. 10. The ISP has established programs to encourage good behavior and to maintain the safety and security of the correctional facility. One of those programs is the honors program which is challenged here.

The honors unit is housed in I-Cell House at the ISP. Of the 130 prisoners alleged to be in the I-Cell House, eighty-eight are members of the honors unit. Prisoners who are admitted to the honors unit are given additional privileges

not granted to prisoners who are members of the general population. Examples of privileges granted to members of the honors unit are the opportunity to purchase an Xbox 360 and associated video games for personal use in their cells, and more frequent visitation from guests. Williams alleged that members of the honors unit have five microwaves available for their use, while members of other cell houses have two microwaves shared by roughly 300 to 400 prisoners.

[5] Eligibility for the honors unit, effective March 5, 2014, is available to offenders who: (1) are at least thirty years of age; (2) must have a minimum of two years at ISP; (3) must be in credit class I at the time of admittance to the program and maintain that classification; (4) must currently be assigned to a job or program and maintain an average or better evaluation; (5) must be clear of conduct involving weapons and/or bodily injury for forty-eight months and be clear of any conduct reports for twenty four months; (6) must not be an active member of a security threat group; (7) must have a medical code of "A" or "G"; (8) must be free of any ongoing investigations; (9) must meet all double-celling criteria; and (10) must not have a serious escape history. Appellant's App. pp. 40-41. One of the reasons for the age requirement for eligibility in the honors unit is that statistics compiled by the DOC show that prisoners younger than thirty years of age commit violations of prison rules at more than twice the rate of inmates who are thirty years old or older.

[6] Williams, who was born August 11, 1989, attempted to apply for the honors unit, but was denied because, at age 23 or 24, he did not meet the minimum age

requirement. In its denial of his application, the DOC recognized Williams's perfect conduct record. Because Williams was denied membership in the honors unit due to his age, he alleged in his complaint that the ISP violated the Equal Protection Clause of the Fourteenth Amendment by engaging in age discrimination and by treating Williams disparately without relation to penal interest. Although Williams did not seek damages for the alleged constitutional violation, he did seek a declaration that the age requirement was unconstitutional and that his right to equal treatment had been violated.

[7] On June 24, 2015, the trial court entered an order denying Williams's motion for summary judgment and request for class certification. The trial court granted the State's cross-motion for summary judgment. The trial court's judgment reads in pertinent part as follows:

> The Court FINDS that the Indiana State Prison is not forbidden by the federal or state Constitutions from instituting an honors program that rewards inmates for good behavior. The Defendants have shown that there is a rational basis for the ISP to impose an age restriction for admission in its honors unit, in that the older inmates generally have greater levels of maturity and are less prone to violence. The existence of the honors unit serves as an incentive to promote good behavior, particularly among long-term offenders for whom credit time and other reward systems might not be as effective. ISP's experience, supported by its own records, shows that younger offenders are far more prone to violence and are less suited to placement in less restricted environments such as the honors unit. The honors unit provides inmates with an incentive for good behavior to get into the program, to not be removed from the program after being admitted, and serves as an example of model behavior. The age requirement protects the integrity of the program. The Plaintiff's

equal protection claim fails because ISP's age requirement for the honors unit is sufficiently related to the ISP's legitimate objective in the safety and security of the facility.

Appellant's App. pp. 7-8. Williams now appeals.

[8]     Williams appeals from the denial of his motion for summary judgment. On appeal from a grant or denial of summary judgment, our standard of review is identical to that of the trial court. We must determine whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Winchell v. Guy*, 857 N.E.2d 1024 (Ind. Ct. App. 2006); see also Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials specifically designated to the trial court. *Pond v. McNellis*, 845 N.E.2d 1043 (Ind. Ct. App. 2006), *trans. denied*. All facts and reasonable inferences drawn therefrom are construed in favor of the nonmovant. *Id.* The party appealing the judgment carries the burden of persuading the appellate court that the trial court's decision was erroneous. *Bradshaw v. Chandler*, 916 N.E.2d 163 (Ind. 2009). Although specific findings may aid our review of a summary judgment ruling, they are not binding on this Court, *Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp.*, 7 N.E.3d 263 (Ind. 2014), and we may affirm a grant of summary judgment upon any basis supported by the evidence. *Pfenning v. Lineman*, 947 N.E.2d 392 (Ind. 2011). Moreover, "[t]he fact that the parties made cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Pond*, 845 N.E.2d at 1053.

[9]     We recently considered and affirmed a trial court's rejection of a nearly identical claim in *Hicks v. Thatcher*, 44 N.E.3d 1258 (Ind. Ct. App. 2015). In reaching that conclusion, we stated as follows:

> The Appellees have established that the disparate treatment complained of by Hicks bears a rational relation to a legitimate penological interest. As a whole, prison security is a primary, legitimate governmental interest that is influenced by things such as fostering responsibility and good behavior in inmates and using inmates as role models for other inmates. Conversely, Hicks has failed to demonstrate discrimination that was instituted for the purpose of causing adverse effects on the general population of inmates at ISP. The opposite is true; the Honor Unit at ISP, with its attendant privileges, was created to have positive effects on the behavior of the general population. As a panel of this Court previously noted, inmates do not forfeit all constitutional protections by reason of their conviction and confinement in prison. *Faver v. Bayh*, 689 N.E.2d 727, 730 (Ind. Ct. App. 1997). However, incarceration does bring about the necessary withdrawal or limitation of many privileges and rights, which is justified by the considerations underlying our penal system, including deterrence of crime, rehabilitation of inmates, and institutional safety and security. *Id.*

*Id.* at 1263.

[10]    Williams's argument on appeal actually supports the stated goals of the ISP in the creation of the Honors Unit and that those goals are having the desired impact. Prisoners, such as Williams, are conforming their conduct to become eligible for the program. The ISP acknowledged and we commend Williams for his lack of conduct issues while incarcerated. Williams can establish a

history of continued maturity and compliant behavior, while attaining the age at which his application can be fully considered.

[11]    The ISP has established that there is a rational basis for denying membership in the honors unit based upon age as we have recognized in *Hicks*. While Williams has begun to establish a history of good conduct while incarcerated, he has yet to achieve the age requirement for membership. While relying on *Hicks*, we understand that there are factual dissimilarities in Williams's appeal. Hicks was between the age of thirty and thirty-five, and was denied membership because he had not met the minimum age requirement, which at the time was thirty-five. The age requirement was lowered to thirty during the pendency of Hicks's challenge, and the State argued that he therefore lacked standing. We considered the issues he raised on behalf of others with standing, nonetheless. Here, Williams has several years before he reaches the minimum age requirement and there is no evidence that the age requirement for membership has been or will be lowered. The trial court did not err by granting the State's motion for summary judgment and denying Williams's motion.

[12]    Williams also challenges the trial court's denial of his request for class certification, but does not offer cogent argument in support of this challenge. A pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259 (Ind. 2014). Although this argument is arguably waived, however, we prefer to decide a case on the merits whenever possible. *Omni Ins. Group v. Poage*, 966 N.E.2d 750 (Ind. Ct. App. 2012), *trans. denied.*

[13]     Whether an action is maintainable as a class action is committed to the sound discretion of the trial court. *Chicago Title Ins. Co. v. Gresh*, 888 N.E.2d 779 (Ind. Ct. App. 2008). On appellate review of a trial court's order with respect to class certification, we apply an abuse of discretion standard. *Id.* The trial court's certification order will be affirmed if it is supported by substantial evidence. *Id.* Misinterpretation of law will not justify affirmance under the abuse of discretion standard. *Id.*

[14]     Indiana Trial Rule 23 governs class certification. "The class action certification process promotes the efficiency and economy of litigation." *LHO Indianapolis One Lessee, LLC v. Bowman*, 40 N.E.3d 1264 (Ind. Ct. App. 2014) (quoting *Gomez v. St. Vincent Health, Inc.,* 622 F.Supp.2d 710, 717 (S.D. Ind. 2008)). A plaintiff bears the burden of establishing that the class certification requirements of Trial Rule 23 have been met. *Id.* Failure to meet any one of the requirements results in the denial of class status. *Id.* Whether these prerequisites have been met is a factual determination to be made by the trial court. *Id.*

[15]     Williams has presented no evidence of a defined class for certification. In fact, the trial court decided the issue on the merits, prior to the State's response to the class certification issue, when ruling on the cross motions for summary judgment. Ind. Trial Rule 23 does not preclude the trial court from hearing a party's motion for summary judgment before addressing the issue of certification of the class. *Reel v. Clarian Health Partners, Inc.*, 855 N.E.2d 343 (Ind. Ct. App. 2006). The trial court did not abuse its discretion by addressing

the issues presented in the cross motions for summary judgment prior to considering class certification, and ultimately denying it.

[16] In light of the foregoing, we affirm the trial court's judgment.

[17] Judgment affirmed.

[18] Vaidik, C.J., and Altice, J., concur.