
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAROLD MAPLE, individually and on behalf of all others similarly situated, | No. 13-36089 |
| | D.C. No. 2:12-cv-05166-RMP |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| COSTCO WHOLESALE CORPORATION, a Washington corporation; NIAGARA BOTTLING LLC, a California limited liability company, | |
| Defendants - Appellees. | |

| | |
|---|---|
| HAROLD MAPLE, individually and on behalf of all others similarly situated, | No. 14-35038 |
| | D.C. No. 2:12-cv-05166-RMP |
| Plaintiff - Appellee, | |
| v. | |
| COSTCO WHOLESALE CORPORATION, a Washington corporation, | |
| Defendant - Appellant, | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and

NIAGARA BOTTLING LLC, a California limited liability company,

Defendants.

HAROLD MAPLE, individually and on behalf of all others similarly situated,

Plaintiff - Appellee,

v.

COSTCO WHOLESALE CORPORATION, a Washington corporation,

Defendants,

and

NIAGARA BOTTLING LLC, a California limited liability company,

Defendant - Appellant.

No. 14-35059

D.C. No. 2:12-cv-05166-RMP

Appeals from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

2

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Plaintiff Harold Maple appeals the district court's dismissal, without leave to amend, of his putative class-action complaint alleging deceptive labeling in violation of the Washington Consumer Protection Act resulting from his purchase of "VitaRain Tropical Mango Vitamin Enhanced Water Beverage." Defendants Costco Wholesale Corporation and Niagara Bottling LLC cross-appeal, challenging the court's decision to dismiss "without prejudice." We affirm in part, vacate in part, and remand with instructions to re-enter the judgment "with prejudice."

1. The district court correctly held that the complaint failed to state a claim. See Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (holding that we review de novo a dismissal for failure to state claim). As a matter of law, the name of the beverage is not "likely to mislead a reasonable consumer." Panag v. Farmers Ins. Co. of Wash., 204 P.3d 885, 894–95 (Wash. 2009) (internal quotation marks omitted). The district court's decision in Ackerman v. Coca-Cola Co., No. CV-09-0395, 2010 WL 2925955 (E.D.N.Y. July

_____

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

21, 2010) (unpublished), is not to the contrary. In that case, the court found important that the beverage's name—"vitaminwater"—contained the full names of two of the ingredients and that the label included misleading statements such as "vitamins+water = what's in your hand." Id. at *12–15. Here, the term "Vita" could mean many things, rain could not be an actual ingredient, and the label contains no misleading statements.

To the extent that Plaintiff's claim challenges the labeling of the type of "caffeine" or "tonic" as "natural" or "all natural" and the failure to describe the caffeine and other ingredients as "unnatural," the claim fails because Plaintiff has not alleged that he read those parts of the label. Accordingly, he cannot establish causation. See, e.g., Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 170 P.3d 10, 22 (Wash. 2007) ("A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury.").

2. The district court correctly held that dismissal without leave to amend was proper. On appeal, Plaintiff argues that amendment could save the complaint because he could allege a subclass of plaintiffs who did read the relevant parts of the label. But because Plaintiff's own individual claim fails, dismissal without leave to amend was correct; the potential existence of other classes of which

4

Plaintiff is <u>not</u> a member is irrelevant.  <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 560–61 (9th Cir. 2010); <u>Boyle v. Madigan</u>, 492 F.2d 1180, 1182 (9th Cir. 1974) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 494 (1974)).

3.  The district court abused its discretion by dismissing the action without prejudice.  <u>See</u> <u>WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.</u>, 655 F.3d 1039, 1048 (9th Cir. 2011) (holding that we review for abuse of discretion "a district court's decision to dismiss without prejudice.").  The court's only reason, that it "ha[d] not considered the merits of this case," is contrary to law.  <u>See, e.g.</u>, <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n.3 (1981) (holding that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"); <u>accord</u> <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995).

Accordingly, we vacate the judgment's dismissal of the action "without prejudice" and remand with instructions to re-enter judgment "with prejudice."

**AFFIRMED in part, VACATED in part, and REMANDED with instructions.**  Costs on appeal awarded to Defendants-Appellants/Appellees.